**247 P.2d 469**

**STONER v. TURNER.**

**No. 7830.**

Supreme Court of Idaho.

June 30, 1952.

Rehearing Denied Sept. 2, 1952.

118

Bandelin, Bandelin & Ponack, Sandpoint, and McNaughton & Sanderson, Coeur d'Alene, for appellant.

Stephen Bistline, Sandpoint, for respondent.

TAYLOR, Justice.

On February 9, 1950 the respondent, as plaintiff, filed complaint against J. L. Balch and O. O. Turner to recover damages for an alleged breach of a covenant of a lease. It appears from the allegations of the complaint that the defendants were joint tenants, jointly and severally liable to its terms. Service upon the defendants was made on the same day, February 9. Defendant Balch appeared, by attorney, and filed demurrer February 13. On March 21 the plaintiff, by his attorney (at that time J. Alfred May) petitioned for and obtained an order dismissing the action as to Balch. On the same day the clerk's default was entered against defendant Turner. On the same day the plaintiff appeared with his attorney, offered proof, and procured findings of fact, conclusions of law, and judgment against defendant Turner.

On May 18, 1950 defendant Turner filed a notice of motion for an order setting aside the default judgment on the ground of "mistake, inadvertence, surprise or excusable neglect" Sec. R 5–905, I. C. In his affidavit filed with the notice, he deposes:

> "That on the 9th day of February, 1950, defendant O. O. Turner, was served with a copy of the Summons and Complaint and immediately consulted the co-defendant, J. L. Balch, as to what action would be taken to protect their rights in the matter. That said co-defendant stated at that

time that he would engage the services of an attorney to represent both parties in the action. That on the 13th day of February, a Demurrer was interposed in the action, but only as to the defendant, J. L. Balch. That a date for hear —of the Demurrer was never set. That a motion to strike was filed on the 13th day of February, 1950, and was set for hearing on March 17, 1950. That a default judgment was taken against said defendant, O. O. Turner, on the 21st day of March, 1950, and on the same date the action was dismissed as to the defendant, J. L. Balch. That defendant O. O. Turner, first learned of said default judgment so taken against him on the 15th day of April, 1950, and immediately consulted and retained Bandelin, Bandelin & Ponack as his attorneys, to take proceedings to have said default judgment vacated. * * * ".

He also avers that he is advised by his counsel and believes that he has a valid and substantial defense to the action on the merits. Attached to the affidavit is a copy of his verified Answer, which he prays leave to file.

On May 25 the plaintiff filed the affidavit of J. L. Balch and on June 14 an amended affidavit of J. L. Balch, which repeats and amplifies the depositions contained in the first affidavit, as follows:

"Affiant admits that he discussed with O. O. Turner, Defendant herein, the advisability of retaining an attorney to defendant said action. That Affiant informed the said O. O. Turner, that he, Affiant, had retained Everett E. Hunt, Esq., an attorney of Sandpoint, Idaho, to defendant said action, for and upon behalf of this Affiant.

"Affiant further advised the said O. O. Turner at that time, that in his opinion, he too should retain an attorney to represent him, the said Turner, in said action. That at no time or place did this Affiant ever inform the said Turner that he, J. L. Balch, would defendant said action for or upon behalf of the said O. O. Turner and on the contrary this Affiant urged the said Turner to obtain an attorney to defend said action for him the said Turner.

"Affiant further states that he has read the proposed Answer of the said O. O. Turner and that in the opinion of this Affiant, the facts stated in this proposed Answer are true."

The motion to vacate the default judgment came on for hearing on June 28, 1951 and was submitted by defendant Turner upon his affidavit and proposed verified Answer and by the plaintiff upon the affidavit of defendant Balch. The order denying the motion recites:

"* * * counsel for plaintiff formally conceding for the purposes of this motion that the proposed answer of O. O. Turner sets forth a meritorious defense * * * "

The motion to vacate the default judgment, having been submitted to and determined by the district judge on a record entirely written, this Court will make an original examination of such record and will exercise its own discretion in the determination of the issue presented. Parsons v. Wrble, 19 Idaho 619, 115 P. 8; Cleek v. Virginia Gold M. & M. Co., 63 Idaho 445, 122 P.2d 232; Curtis v. Siebrand Bros. Circus & C. Co., 68 Idaho 285, 194 P.2d 281; Perry v. Perkins, 73 Idaho 4, 245 P.2d 405.

The object of statutes and rules regulating procedure in the courts is to promote the administration of justice. Those statutes and rules which fix the time within which procedural rights are to be asserted are intended to expedite the disposition of causes to the end that justice will not be denied by inexcusable and unnecessary delay. But, except as to those which are mandatory or jurisdictional, procedural regulations should not be so applied as to defeat their primary purpose, that is, the disposition of causes upon their substantial merits without delay or prejudice. The purpose of Section R 5–905, I. C., is to provide a means of relieving a litigant from the harsh and often unjust consequences of a strict application of the time requirement. To that end the court's discretion should be freely and liberally exercised. Pittock v. Pittock, 15 Idaho 47, 96 P. 212; Hamilton v. Hamilton, 21 Idaho 672, 123 P. 630; Sessions v. Walker, 34 Idaho 362, 201 P. 709; Stilwell v. Weiser Iron Works, 66 Idaho 227, 157 P.2d 86.

However, it should appear in such cases that the defaulting party is not guilty of indifference or unreasonable delay; that he acts promptly and diligently in seeking relief; and that the other party is not unduly prejudiced or " 'deprived of any advantage to which he may properly be entitled.' " Dellwo v. Petersen, 34 Idaho 697, 203 P. 472, 474; Curtis v. Siebrand Bros. Circus & C. Co., supra; Cuoio v. Koseris, 68 Idaho 483, 200 P.2d 359; Perry v. Perkins, supra.

Here appellant talked to his co-defendant about their defense. Their affidavits are in direct contradiction as to what was said between them. If this leaves the matter in equipoise as to the conversation, it still appears appellant acted promptly on discovering the default. There was a short delay thereafter on the part of his attorneys, but the total delay was not unreasonable.

The order is reversed with directions to set the default judgment aside and permit appellant to answer.

Costs to appellant.

GIVENS, C. J., and PORTER, THOMAS and KEETON, JJ., concur.