308 P.2d 588

Vern E. JOHNSON, Plaintiff-Appellant,

v.

J. D. NOLAND, Defendant-Respondent.

No. 8488.

Supreme Court of Idaho.

March 18, 1957.

Rehearing Denied March 27, 1957.

Murphy & Schwartz, Shoshone, for appellant.

May & May, Twin Falls, for respondent.

PORTER, Justice.

Appellant filed an action in Lincoln County against respondent on March 28, 1956, to recover the sum of $882.67 as the sale price of merchandise. On March 29, 1956, summons in such case was duly served upon respondent at his home in Jerome County. The twenty days allowed respondent for appearance in the action expired on April 18. Respondent not having appeared in such action, on April 19 appellant caused the default of respondent to be entered and procured a default judgment against respondent.

On April 24, 1956, respondent filed a Notice of Hearing that on the 24th day of May, 1956, defendant would move the court for an order setting aside the default and judgment entered on the 19th day of April, and permitting defendant to file his answer. The Notice of Hearing stated that said motion would be made on the ground that said default and judgment were taken against respondent through his mistake, inadvertence and excusable neglect. The Notice of Hearing was accom-

panied by an affidavit of merit made by J. Alfred May, attorney for defendant, and the verified answer of respondent. The Notice stated that the motion would be based upon such notice, the affidavit of merit, the verified answer and upon all other records and files in the action. On May 3, a motion in accordance with the notice was duly filed. On May 26, the affidavit of J. D. Noland was filed on behalf of respondent. On the same day the affidavit of Kenneth L. Wilson was filed on behalf of appellant.

Hearing was had before the court on May 26. On May 28, the court entered its order granting the motion of respondent to set aside the default and judgment and granting respondent leave to file his answer in said action. From such order, appellant has appealed to this court.

Appellant's single specification of error is that the court erred in allowing the respondent's motion to vacate the default and default judgment.

■ Appellant is correct in his contention that where a motion is made to vacate a default and the same is supported by affidavits and no witnesses are examined and the matter is heard by the trial court upon affidavits and documentary evidence alone, this court will examine the record and will exercise its discretion in the matter the same as if the case were being presented to this court for determination in the first instance. Savage v. Stokes, 54 Idaho 109, 28 P.2d 900; Boise Flying Service, Inc., v. General Motors Acceptance Corp., 55 Idaho 5, 36 P.2d 813; Curtis v. Siebrand Bros. Circus & Carnival Co., 68 Idaho 285, 194 P.2d 281; Perry v. Perkins, 73 Idaho 4, 245 P.2d 405; Stoner v. Turner, 73 Idaho 117, 247 P.2d 469.

Section 5–905, I.C., provides that the court in its discretion may relieve a party or his legal representative from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.

■ Whether an applicant is or is not entitled to have a default judgment taken against him vacated and set aside depends upon the showing made in support of such application. It has been held that the mistake, inadvertence and excusable neglect contemplated by the statute is such as might be expected on the part of a reasonably prudent person. Atwood v. Northern Pacific Railway Co., 37 Idaho 554, 217 P. 600; Boise Valley Traction Co. v. Boise City, 37 Idaho 20, 214 P. 1037; Savage v. Stokes, supra; Curtis v. Siebrand Bros. Circus & Carnival Co., supra.

A more liberal view of the showing necessary in order to invoke the statute and to carry out its purpose, has been expressed in later cases. In Orange Transportation Co. v. Taylor, 71 Idaho 275, at page 280, 230 P.2d 689, at page 692, we said:

"What constitutes excusable neglect, or just how a reasonable prudent person should act under similar circumstances are comparative terms and the decisions as to when a default and judgment may be set aside and answer permitted, may appear at times to be somewhat in conflict, and an extensive review of cases covering similar situations would serve no useful purpose. Each case must be examined in the light of the facts presented, and the circumstances surrounding the same."

In such case, 230 P.2d at page 693, we further said:

"In doubtful cases, the general rule is to incline toward granting relief from the default and bring about a judgment on the merits. Cutler v. Haycock, 32 Utah 354, 362, 90 P. 897."

See also, Perry v. Perkins, supra; Mead v. Citizen's Automobile Inter-Insurance Exchange, 78 Idaho ——, 297 P.2d 1042.

In Stoner v. Turner, this court, speaking through Justice Taylor, set out the considerations which should guide the court in determining whether or not a motion to set aside a default judgment should be granted, in the following language, 73 Idaho 117, at page 121, 247 P.2d 469, at page 471:

"The object of statutes and rules regulating procedure in the courts is to promote the administration of justice. Those statutes and rules which fix the time within which procedural rights are to be asserted are intended to expedite the disposition of causes to the end that justice will not be denied by inexcusable and unnecessary delay. But, except as to those which are mandatory or jurisdictional, procedural regulations should not be so applied as to defeat their primary purpose, that is, the disposition of causes upon their substantial merits without delay or prejudice. The purpose of Section R 5-905, I.C., is to provide a means of relieving a litigant from the harsh and often unjust consequences of a strict application of the time requirement. To that end the court's discretion should be freely and liberally exercised. Pittock v. Pittock, 15 Idaho 47, 96 P. 212; Hamilton v. Hamilton, 21 Idaho 672, 123 P. 630; Sessions v. Walker, 34 Idaho 362, 201 P. 709; Stilwell v. Weiser Iron Works, 66 Idaho 227, 157 P.2d 86.

"However, it should appear in such cases that the defaulting party is not guilty of indifference or unreasonable delay; that he acts promptly and diligently in seeking relief; and that the other party is not unduly prejudiced or 'deprived of any advantage to which he may properly be entitled.' Dellwo v. Petersen, 34 Idaho 697, 203 P. 472,

474; Curtis v. Siebrand Bros. Circus & C. Co., supra; Cuoio v. Koseris, 68 Idaho 483, 200 P.2d 359; Perry v. Perkins, supra."

■ The affidavit of the attorney for respondent shows that respondent called at the office of his attorney in Twin Falls about five o'clock p. m. on April 18, 1956, being the last day for appearance by respondent in the action. That respondent did not know the exact day upon which he had been served with the summons. That affiant tried to contact by telephone the Sheriff of Jerome County who had served the summons upon respondent but was unable to do so. That affiant prepared a demurrer, an affidavit for change of venue, a demand for a bill of particulars and a motion for change of venue and took them to Shoshone, Idaho, for the purpose of filing on April 19, 1956. That affiant was advised by the clerk of the district court of Lincoln County that on the morning of said day a default and default judgment had been entered against respondent. That at the time respondent brought the summons and complaint to affiant respondent stated that he believed the time was about up in which to make an appearance. Upon inquiry by affiant as to why respondent had not brought the papers to affiant sooner, respondent stated that he had been busy farming; that he had been sick and nervous as a result of a recent operation for the removal of a goiter and did not realize so much time had elapsed since he was served with the complaint and summons.

The affidavit of respondent is similar in effect as to why respondent did not consult his attorney at an earlier date.

The affidavit of Kenneth L. Wilson on behalf of appellant states the farming activities of respondent and further states that affiant had seen respondent a number of times during the time in question and had not observed that respondent was under any disability.

It appears from the record by the tendered answer of respondent that he has a meritorious defense to the action. He acted promptly in filing his notice of motion and motion to set aside the default and default judgment. There is no showing of studied neglect or deliberate delay. There is no showing that any rights of the other party were prejudiced or that he was deprived of any advantage to which he was properly entitled. This cause should be decided upon its merits and not determined upon procedural time limits. The order of the trial court vacating the default, setting aside the default judgment and permitting respondent to file answer is affirmed. Costs awarded to respondent.

KEETON, C. J., and TAYLOR, SMITH and McQUADE, JJ., concur.