321 P.2d 609

Gene DAVIS, Plaintiff-Respondent,

v.

Wayne RATHBUN, Defendant-Appellant.

No. 8542.

Supreme Court of Idaho.

Feb. 5, 1958.

H. N. Jewell, Twin Falls, for respondent.

Murphy & Schwartz, Shoshone, for appellant.

**PORTER, Justice.**

Respondent filed his complaint May 25, 1955, in the District Court for Lincoln County, praying for judgment against appellant in the sum of $967.77 together with interest, as balance due on account for goods, wares and merchandise sold and delivered to appellant during the year 1948. Within 20 days thereafter, appellant contacted H. N. Jewell, the attorney for respondent. Appellant advised such attorney that the gasoline and other merchandise in question had been purchased by appellant and three other men, and that each was to pay for his share of such merchandise. He further advised such attorney that respondent was aware of such arrangement and furnished the merchandise in accordance with same. And that appellant had paid his share of the account to respondent and had been released by respondent from further liability.

Appellant and the attorney for respondent agreed to make an endeavor to collect the balance due from the other three men involved either in cash or by promissory notes. In pursuance of such arrangement promissory notes were prepared by such attorney. One of the debtors offered to pay his share of the balance of the account upon condition that he be relieved from further liability, but such payment was refused by respondent. It was understood between appellant and the attorney for respondent that no further proceedings in the action would be had pending the attempted settlement.

Settlement not having been made by the other three debtors, the attorney for re-

spondent on October 5, 1955, wrote a letter to appellant, reading as follows:

"Mr. Wayne Rathbun,

"Dietrich, Idaho

"Dear Mr. Rathbun:

"We have delayed taking any further action in regard to the suit against you by Gene Davis on our understanding that it might be possible for some settlement to be worked out between the parties. However, we have recently contacted Mr. Davis and have been informed that no settlement is in the offering and that the situation has not changed during recent weeks.

"Therefore, this letter is to advise that on October 17, 1955 we will ask the District Court of Lincoln County to set the case for hearing as soon as possible. If you desire to contact this office prior to that time and arrange some method of payment of this suit, we would be glad to discuss the matter with you.

"Yours very truly,

"H. N. Jewell."

Appellant, at the hearing on the hereinafter mentioned motion to set aside default, testified he had no recollection of receiving such letter. However, if he be mistaken there is nothing in this letter to indicate that a default was about to be taken against him.

The proposed settlement being still pending and without further notice of any kind to appellant, respondent on June 23, 1956, had a default and a default judgment entered against appellant by the Clerk of the District Court of Lincoln County. When appellant learned of the default judgment, he promptly on August 18, 1956, filed a motion to set aside said default and vacate said default judgment upon the ground of mistake, inadvertence and excusable neglect under the provisions of Section 5–905, I.C. Accompanying said motion to set aside the default and default judgment, appellant filed an affidavit and an answer showing a meritorious defense.

Thereafter, hearing was held upon the motion to set aside the default and vacate the default judgment. The court entered an order denying the motion to set aside the default and vacate the default judgment. From such order appellant has appealed to this court.

In determining whether or not a motion to set aside a default should be granted, each case must be examined and considered in the light of the facts presented and the circumstances surrounding the case. In doubtful cases the general rule is to incline toward granting relief in order to bring about judgment on the merits. Orange Transportation Co. v. Taylor, 71 Idaho 275, 230 P.2d 689.

The purpose of Section 5–905, I.C., is to provide a means of relieving a litigant from the harsh consequences of a strict application of the time requirement. Stoner

v. Turner, 73 Idaho 117, 247 P.2d 469. It should appear that a defaulting party seeking relief has not been guilty of indifference or unreasonable delay and that he has acted promptly and diligently in seeking relief, and that the other party is not unduly prejudiced or deprived of any advantage to which he may be properly entitled. Stoner v. Turner, supra.

We have recently reviewed in detail the rules which should guide the court in determining whether or not a default should be set aside for excusable neglect in Johnson v. Noland, 78 Idaho 642, 308 P.2d 588. See also, Perry v. Perkins, 73 Idaho 4, 245 P.2d 405 and Mead v. Citizen's Automobile Inter-Insurance Exchange, 78 Idaho 63, 297 P.2d 1042.

■ At the hearing on the motion to set aside the default and vacate the default judgment appellant brought himself well within the foregoing rules entitling him to relief on the ground of excusable neglect. Under the circumstances, he was justified in believing that no further action would be taken against him pending the outcome of the negotiations for settlement by the other debtors. He believed in good faith that no further action would be taken in the case without notice to him. He did not delay when the default judgment was taken but acted promptly to have the same set aside.

The account in question was old at the time of the commencement of this action. There is no showing whatever that the respondent was prejudiced in his rights in any way by the delay or deprived of any advantage to which he was properly entitled. Under the facts in the case it was error for the trial court to refuse to set aside the default and vacate the default judgment.

Our conclusion that the default should be set aside and the default judgment vacated on the ground of excusable neglect makes it unnecessary for us to discuss the questions raised as to the jurisdiction of the clerk of the court to enter the default or to enter the default judgment.

The order of the trial court denying the motion of appellant to set aside the default and vacate the default judgment is reversed and the cause remanded with instructions to set aside the default and vacate the default judgment and to proceed further in the premises. Costs awarded to appellant.

KEETON, C. J., and TAYLOR, SMITH and McQUADE, JJ., concur.