326 P.2d 989

**Richard JOHNSON and Arlene Johnson, Husband and Wife, Plaintiffs-Respondents,**

**v.**

**Bernard McINTYRE, Defendant-Appellant.**

No. 8587.

Supreme Court of Idaho.

June 18, 1958.

Clements & Clements, Lewiston, for appellant.

Blake & Givens, Paul C. Keeton, Lewiston, for respondents.

PORTER, Justice.

This action was brought by respondents to recover damages arising out of an automobile collision near Lapwai, Idaho. The appellant was and is a resident of 29 Palms, California. Substituted service of the summons and complaint was made upon the Secretary of State pursuant to then Section 49–1202, I.C., now codified as Section 49–1602, I.C. Service became complete upon the receipt by registered mail on September 1, 1956, by appellant at 29 Palms, California, of a copy of the summons and complaint.

On September 22, 1956, no appearance having been made by appellant, respondents caused the default of appellant to be entered. On September 25, 1956, the firm of Clements & Clements, attorneys at law, was employed to represent appellant in the action. On September 26, appellant's attorneys filed a motion to set aside the default, accompanying the same by an affidavit of one of such attorneys as to the facts. Such motion was made upon the grounds of mistake, inadvertence and excusable neglect under the provisions of Section 5–905, I.C. Later an amended motion to set aside the default was filed accompanied by an affidavit of appellant and the affidavits of three agents of the General Insurance Company of America, appellant's insurance carrier, as to the facts in connection with the failure to appear by appellant in such action prior to the expiration of the statutory time. After a hearing the trial court entered an order denying the amended motion to set aside the default and proceeded to enter a default judgment. From such order and from such judgment, appellant has appealed to this court.

By the affidavit of appellant, it appears that at the time in question he was working approximately 130 miles away from his home, returning home on each Saturday afternoon. That after he received the sum-

mons and complaint on Saturday, September 1, 1956, and being required to return to his work the next day, he requested his wife to mail the summons and complaint to his insurance agent, Mr. Thomas Nelson, Studio City, California. Upon returning to his home the following Saturday, September 8, he found that, due to there being no local delivery mail service at his home and the necessary care of a young child, his wife had not been able to follow his instructions and mail the summons and complaint. On September 8, he personally placed the summons and complaint in an envelope and mailed it at the 29 Palms Post Office to Mr. Nelson.

Thomas R. Nelson, in his affidavit, states that the summons and complaint were received by him on either September 12 or September 13. After receipt of the letter and enclosed summons and complaint, affiant then forwarded the same to the Los Angeles Metropolitan Office of the General Insurance Company on September 15.

The affidavit of Paul Hathaway shows that he is employed by the General Insurance Company of America, Los Angeles Metropolitan Office Claims Department as a claims examiner. That the summons and complaint in question were delivered to him on September 18. Mr. Thomas R. Nelson's letter of transmittal did not contain the date of service upon appellant. By means of a telephone conversation with Mr. Nelson on September 20, affiant gained the impression that the summons and complaint had been served upon appellant on the 15th of September. Affiant summarized all the information he had received and forwarded the summons and complaint to Mr. Herb Hazel, Division Supervisor, Southern California Division Claims Office, Los Angeles, California.

By his affidavit, Herb Hazel states that he is employed by the General Insurance Company of America as a claims supervisor in the Southern California Division Office, Los Angeles, California. That on September 24, 1956, he received the summons and complaint in question from Mr. Paul Hathaway and that he immediately dispatched the summons and complaint to his company's Lewiston, Idaho Service Office, attention Mr. Don Lindner. That he advised Mr. Lindner that service had been made upon appellant on September 15, 1956.

In the handling of the summons and complaint by the insurance representative of appellant an erroneous impression was gained as to the date of the receipt of the summons and complaint by appellant, it being thought by the agents of the Insurance Company that the receipt was on September 15 instead of September 1, the true date.

In Johnson v. Noland, 78 Idaho 642, 308 P.2d 588, we recognized that in the later cases a more liberal view than had theretofore prevailed had been expressed as to the showing necessary in order to invoke Sec-

tion 5–905, I.C., and to carry out its purposes. In support of this position we cited Orange Transportation Co. v. Taylor, 71 Idaho 275, 230 P.2d 689; Perry v. Perkins, 73 Idaho 4, 245 P.2d 405; Stoner v. Turner, 73 Idaho 117, 247 P.2d 469; Mead v. Citizen's Automobile Inter-Insurance Exchange, 78 Idaho 63, 297 P.2d 1042.

■ Whether or not a default or a default judgment should be set aside under the provisions of Section 5–905, I.C., depends upon the showing made in support of the application. Each case must be examined in the light of the facts presented and the circumstances surrounding the same. In the Noland case we further held that in order to grant relief it should appear that the defaulting party was not guilty of indifference or unreasonable delay; that he acted promptly and diligently in seeking relief and that the other party is not unduly prejudiced or deprived of any advantage to which he may properly be entitled. See also, Davis v. Rathbun, 79 Idaho 482, 321 P.2d 609.

■ The motion of appellant to set aside the default having been heard by the trial court upon written and documentary evidence and no oral testimony having been taken, this court is in as good a position to evaluate the showing made by appellant as was the trial court. Johnson v. Noland, supra, and cases therein cited.

■ It appears from the showing made by appellant that he was not guilty of deliberate neglect or of indifference. That he acted with reasonable promptitude in forwarding the summons and complaint in question to his insurance carrier. That the agents of the insurance carrier acted without undue delay although they gained the wrong impression as to the actual time the service was complete. Appellant, through his attorneys, acted promptly upon learning of the default in moving to set the same aside. A verified answer was filed showing a meritorious defense. There is no showing that any of the rights of respondents were prejudiced or that they were deprived of any advantage to which they were properly entitled by the four days delay between the time of the taking of the default and the filing of the motion to set the same aside. Under the facts and circumstances of this case, the neglect of appellant to appear in such cause within the time prescribed by statute constitutes excusable neglect under the provisions of Section 5–905, I.C., from which relief will be granted. The trial court erred in denying appellant's motion to set aside the default.

The order denying the motion to set aside the default and the default judgment entered herein are hereby reversed and the cause remanded to the trial court with directions to vacate the default judgment and to set aside appellant's default and to pro-

ceed further in the premises. Costs awarded to appellant.

TAYLOR, SMITH and McQUADE, JJ., and DUNLAP, District Judge, concur.

KEETON, C. J., not participating.