331 P.2d 275

Sam CRUMLEY, Plaintiff-Appellant,

v.

Erwin MINDEN, William Petrie and Fred Meckel, Defendants-Respondents.

No. 8682.

Supreme Court of Idaho.

Oct. 29, 1958.

J. H. Felton, Lewiston, for appellant.

Melvin J. Alsager, Moscow, for respondents.

KEETON, Chief Justice.

In September, 1954, appellant commenced an action in replevin against William Petrie, Fred Meckel respondents, and another not a party here. The complaint prayed for judgment seeking recovery of personal property, or the alleged value thereof, together with damages in the sum of $500. Summons was served. Respondents, by an attorney, appeared and filed a demurrer which was overruled by an order dated January 5, 1956. The attorney employed by respondents withdrew from the case December 27, 1955, and notified respondents of such withdrawal. Appellant's attorney also, by notice dated January 4, 1956, notified respondents that the attorney so formerly employed had withdrawn, and advised them in writing to appear in person or appoint other counsel to appear within ten days or default would be taken. No appearance was made by respondents and on October 1, 1956, approximately nine months after the order overruling the de-

murrer was entered, the district judge found respondents in default and on a hearing had entered judgment against them for the sum of $500 and costs.

On October 15, 1956, respondents, by their attorney, Melvin J. Alsager, filed a motion to set aside the default, vacate the judgment and permit appellant to file an answer, claiming in the motion that the default judgment was taken against them through the neglect and failure of their attorney to serve or file any papers within the time limited. With the motion respondents filed affidavits stating the alleged reasons why the default judgment should be vacated, and tendered for filing an answer stating a meritorious defense. On April 5, 1958, the trial judge entered an order setting aside the default judgment and granted permission to respondents to file their tendered answers and stayed execution on the judgment formerly entered. Plaintiff appealed from this order.

■ There is nothing in the affidavits filed to support the motion that the entry of the default judgment was because of the neglect of an attorney employed to represent respondents. Respondents only consulted attorney Alsager; he was not employed and assumed no responsibility. Thereafter, before entry of the default, attorney Alsager advised respondents, or one of them, of the likely entry of a default judgment. Several months elapsed after

the demurrer was overruled before respondents took any action.

The affidavit of respondent Petrie, among other things, states:

"That several months ago upon the withdrawal of J. M. O'Donnell, as attorney on my behalf, I consulted with but did not retain Melvin J. Alsager, an attorney at law, Moscow, Idaho, to represent my interests in this action; being unable to provide him with any money for his services as my attorney as requested. That I left his office with the understanding that even though I was unable to pay for his services that he, nevertheless, would represent me in this action. That subsequent to said meeting I was again approached by Mr. Alsager for a retainer fee and again I stated that I was unable to pay for his services. That meanwhile it was my honest conviction and belief that even though I had been unable to provide Mr. Alsager with any retainer fee that he, nevertheless, was representing me in this action. That I now find to my surprise that since I did not retain Mr. Alsager that he did not make any appearance on my behalf and judgment by default was entered against me on October 1, 1956."

and the affidavit of respondent Meckel in support of the motion contains the same statement. The claim in the motion that the default should be set aside because of the neglect of an attorney so employed is without support.

The sole question presented for our determination is whether there is sufficient showing of mistake, inadvertence, surprise or excusable neglect within the meaning of Sec. 5–905, I.C., to justify the setting aside of the judgment.

Sec. 5–905, I.C., in part provides:

"The court may, in furtherance of justice and on such terms as may be proper * * * relieve a party, or his legal representative, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; * * *".

■■ The contention that respondents were financially unable to employ an attorney is not sustained by the record and even if true would not in itself furnish sufficient reason for setting aside the default.

■ The terms "mistake, inadvertence, surprise or excusable neglect" as used and contemplated in the statute authorizing the vacating of a default judgment on these grounds are such as might be expected on the part of a reasonably prudent person. Johnson v. Noland, 78 Idaho 642, 308 P.2d 588.

A reasonably prudent person having been notified of the situation as were respondents advised, who fails or neglects, with no sufficient legal excuse, to make any effort to protect his rights and allows several months to elapse without taking any action, cannot be said to have acted as a reasonably prudent person.

The setting aside of a default judgment is a matter, in the first instance, in the sound legal discretion of the trial court. Mead v. Citizen's Automobile Inter-Insurance Exchange, 78 Idaho 63, 297 P.2d 1042. When the application is heard on affidavits, written records, and no oral testimony taken, the Supreme Court has before it all the showing that was considered by the trial court that heard and passed upon the question; the Supreme Court thereby is in as favorable a position to consider the matter as was the trial court, and will examine and be governed by the facts disclosed, and exercise its own discretion. Kynaston v. Thorpe, 29 Idaho 302, 158 P. 790; Curtis v. Siebrand Bros. Circus & Carnival Co., 68 Idaho 285, 194 P.2d 281; Johnson v. Noland, 78 Idaho 642, 308 P.2d 588.

Excusable neglect as used in the statute cannot be construed to encompass the degree of negligence shown by the record here. One who wilfully, for no sufficient legal reason, disregards processes of a court, does not act in a reasonably prudent manner or as a reasonably prudent person would or should act under similar circumstances. The facts as disclosed by the record fail to establish mistake, inadvertence, surprise or excusable neglect.

The order setting aside the default and vacating the judgment is reversed and the cause remanded with instructions to the trial court to deny the motion and reinstate the judgment. Costs to appellant.

PORTER, TAYLOR and SMITH, JJ., and SPEAR, D. J., concur.

McQUADE, J., not participating.