528 P.2d 903

Steven Leon FISHER, Claimant-Respondent,

v.

The BUNKER HILL COMPANY, Self-Insured, Defendant-Appellant.

Eddie A. BAILEY, Claimant-Respondent,

v.

The BUNKER HILL COMPANY, Defendant-Appellant.

Nos. 11616 and 11617.

Supreme Court of Idaho.

Dec. 2, 1974.

William F. Boyd, Brown, Peacock, Keane & Boyd, Kellogg, for defendant-appellant.

Frank H. Powell, Coeur d'Alene, for respondents.

McFADDEN, Justice.

These two appeals were taken from two workmen's compensation awards entered by default against defendant-appellant Bunker Hill Company by the Idaho Industrial Commission. On motion, they were consolidated for the purposes of this appeal.

In no. 11617, claimant-respondent Eddie A. Bailey filed an application for a hearing with the Industrial Commission. In this application, Bailey alleged that he had injured his back in an accident in the course of his employment at the appellant-employer's plant. The appellant was served with a copy of Bailey's application for hearing; the copy served upon appellant stated that it had "twenty (20) days from Jun 19 1973 to file answer to this application with Commission to avoid default." No answer was filed by the appellant, and on December 5, 1974, the Commission entered its default. Bailey moved for a default hearing, and the Commission noticed it for hearing at 8:30 a. m. on March 19, 1974, at the County Courthouse in Wallace. No copy of this notice was served on appellant. At the hearing, Bailey testified, and written statements from his physician were admitted into evidence. The Commission subsequently awarded Bailey $1,312.21 concluding that he had "suffered a personal injury to his back caused by an accident arising out of and in the course of his employment with the defendant."

In No. 11616, claimant-respondent Steven Leon Fisher filed an application for a hearing with the Industrial Commission. In his application, Fisher alleged that he had contracted lead poinsoning while he was employed at the appellant's smelter. The appellant was served with a copy of Fisher's application for hearing; the copy served upon the appellant stated that it had "twenty (20) days from Nov 5, 1973 to file answer to this application with Commission to avoid default." No answer or other appearance having been filed by appellant, the Commission on February 27, 1974, entered the appellant's default. Thereafter, the Commission, having set March 19, 1974, at 3:00 p. m. as the time for hearing proof on default, sent notice of hearing to the claimant but not to the appellant. On the morning of March 19, appellant's counsel became aware of the scheduled hearing, and at the appointed hour he appeared and offered an answer to Fisher's application and moved to set aside entry of default. The Commission denied counsel's motion to set aside the default and refused to allow him to participate in the hearing. Fisher then testified, and written statements from his physician were admitted into evidence. The Commission subsequently awarded Fisher $516.38, concluding that "[t]he claimant suffered poisoning by lead, an occupational disease to which he was injuriously exposed during the period of his employment" and that "[s]aid disease was due to the nature of the occupation or process in which he was employed."

Following entry of these default awards, the appellant-employer filed timely motions to set aside both of them. The appellant also moved that the Commission reconsider its findings of fact and conclusions of law in each case. These motions were based solely upon the records and files of each case and upon an affidavit of Richard M. Scott, the appellant's labor relations admin-

istrator. In his affidavit, Scott stated that he had received a copy of the application for hearing filed with the Commission in each case; that he had simply overlooked forwarding the files to the appellant's attorneys, as was the usual practice; that the failure to file answers was not intentional but inadvertent; and that in his belief there were valid defenses to both claims.

The Commission denied both motions, finding that the appellant had failed to show good cause for setting aside the default in that it had (1) failed to show mistake, inadvertence, surprise, or excusable neglect such as might be expected on the part of a reasonably prudent person, and (2) failed to set forth facts establishing a meritorious defense to the claims.

■ The appellant contends that these default awards have deprived it of property without due process of law. In essence, the appellant argues that even though it had failed to answer or to otherwise appear in the action, and even though its default had been entered, it was nevertheless entitled to be heard on the merits of the case. However, the appellant cites no authority which would support the proposition that under such circumstances the failure to provide notice and an opportunity to be heard on the merits constitutes a deprivation of property without due process of law. In our view, if, as the appellant asserts, it was "deprived of money without effective opportunity to participate in the proceedings or to present evidence in opposition to the claim," this resulted solely from its failure to answer within the time allowed by law—in other words, from its own default; having been duly served with process, it had the opportunity to participate in the proceedings but neglected to do so.

■ Noting that there is no statutory requirement that an answer to an application for hearing be filed with the Commission, the appellant questions the Commission's authority to require such an answer. Rule IV of the Commission's "Rules of Practice and Procedure Under Workmen's Compensation Law" states that an answer "must be filed with the Commission by each party served with copy of the application, within twenty (20) days from the date of service of application for hearing." Section 72–508, I.C., authorizes the Commission to promulgate reasonable rules for effecting the purposes of the workmen's compensation law, and in our opinion Rule IV falls within that category.

The subject of defaults is dealt with by Rule VIII of the Commission's rules, which reads as follows:

### "VIII.

### "DEFAULTS

"(a) When a party against whom an award or judgment for affirmative relief is sought has failed to plead or otherwise defend, within the time prescribed by these rules, the Commission shall enter his default. Said entry of default shall be made whether by motion of the parties seeking the entry or by the Commission on its own motion.

"(b) Following the entry of such default by the Commission, the Commission shall then set the matter for hearing as in other cases, and the party seeking a default award or judgment shall be required to establish a prima facie case to support his application for such award or judgment. Proof of medical facts may be made by the contents of the Board's file.

"(c) For good cause shown the Commission may set side an award or judgment by default. An application to set aside the award or judgment must be made within 20 days of the date thereof."

In the instant case, the appellant contends that the Commission erred in concluding that at their respective hearings each of the claimants established a prima facie case to support his application for benefits. The appellant asserts that the claimants failed to introduce sufficient medical testimony to support their claims in that the

only medical evidence introduced consists of hearsay statements of attending physicians, which statements, according to appellant, indicate only a possible and not a probable connection between accident (or occupational exposure) and injury (or disease).

We have held that there must be medical testimony supporting a workmen's compensation claim with a reasonable degree of medical probability. Dean v. Dravo Corp., 95 Idaho 558, 560–561, 511 P.2d 1334, 1337 (1973). In the Dean case, we defined "probable" as "having more evidence for than against." In the instant case, it can at least be said that there is more medical evidence supporting the claims against the appellant than there is against them. Where hearsay evidence is admitted without objection, it properly may be considered in determining the facts. Hamby v. J. R. Simplot Co., 94 Idaho 794, 498 P.2d 1267 (1972). Furthermore, under the Commission's Rule VIII, proof of medical facts in a default case may be made from the contents of the file. It is the opinion of this court that the Commission did not err in concluding that each of the claimants had established a prima facie case to support their respective applications for workmen's compensation.

The Commission's Rule VIII states that "[f]or good cause shown the Commission may set aside an award or judgment by default." In general, an application to set aside a default is addressed to the sound legal discretion of the tribunal which entered the default, and the decision below will not be reversed on appeal unless it clearly appears that the tribunal has abused its discretion. Swanson v. State, 83 Idaho 126, 358 P.2d 387 (1960); Mead v. Citizen's Auto. Inter-Ins. Exch., 78 Idaho 63, 297 P.2d 1042 (1956). However,

where, as here, the motion to set aside the default was heard on affidavits and written records alone and no oral testimony was taken, the appellate court is in as good a position to evaluate the showing made as was the lower tribunal and will therefore exercise its own discretion in passing on the matter. Crumley v. Minden, 80 Idaho 391, 331 P.2d 275 (1958); Johnson v. McIntyre, 80 Idaho 135, 326 P.2d 989 (1958); Johnson v. Noland, 78 Idaho 642, 308 P.2d 588 (1957). It is our conclusion that the denial of the motions to set aside default was correctly entered.

In Idaho, a party in default must present detailed facts showing a meritorious defense in order to be entitled to have the default set aside. Thomas v. Stevens, 78 Idaho 266, 270–271, 300 P.2d 811 (1956); Voellmeck v. Northwestern Mut. Life Ins. Co., 60 Idaho 412, 92 P.2d 1076 (1939); see Wright & Miller, Federal Practice and Procedure: Civil § 2697 (1973) (dealing with Rule 55; I.R.C.P. 55 is identical to the federal rule and in pertinent part provides that "[f]or good cause shown the court may set aside an entry of default"). In regard to defenses, the affidavit submitted in support of the appellant's motions to set aside the default awards recites only the following: "This affiant is familiar with facts pertaining to both cases. This affiant believes that there are good and valid defenses to both claims and desires to present the Company's side of the matter to the Commission." This valueless recital fails to satisfy the requirement that the moving party present detailed facts showing a meritorious defense. The showing is sufficient to establish good cause.

Orders affirmed. Costs to respondents.

SHEPARD, C. J., and DONALDSON, McQUADE and BAKES, JJ., concur.