587 P.2d 1245

Janice E. BUNN, Plaintiff and
Respondent,

v.

Ned. S. BUNN, Defendant and Appellant.

No. 12828.

Supreme Court of Idaho.

Dec. 18, 1978.

Gleason D. Anderson of Annest & Anderson, Burley, for defendant and appellant.

William T. Goodman and Donald R. Workman of Goodman, Duff & Chisholm, Rupert, for plaintiff and respondent.

BISTLINE, Justice.

A divorce action with related custody and property issues was originated by Mrs. Bunn's complaint. Mr. Bunn duly answered, and trial was had before a magistrate.

Findings of fact and conclusions of law were made and amended. An amended decree was entered on April 29, 1977, following which on May 17, 1977, Mr. Bunn filed a notice of his appeal of the magistrate's decision to the district court. Three days later he filed a $300 cost bond. The district court entered an order for a partial reporter's transcript which was expanded on June 2, 1977, at Mr. Bunn's request, to require a full transcript. This order specified that the testimony be transcribed "subject to the rules relating to the payment of fees to the Court Reporter,"[1] and set a completion date to be "within thirty (30) days of the date hereof, upon the payment of his fees for the same." The reporter's estimate was $500.

Such was the status of the appeal until July 28, 1977, at which time Mrs. Bunn moved to dismiss the appeal pursuant to Rule 83(s), I.R.C.P., on the grounds that Mr. Bunn had failed to diligently prosecute his appeal. Thereupon Mr. Bunn supplied $500 to his attorney, who, in turn, forwarded it to the reporter. On the next day, Mr. Bunn served and filed his responsive affidavit, stating the court reporter had been paid his estimated fee and that Mr. Bunn's recent recovery from an appendectomy had enabled him to collect accounts and make payment. Mrs. Bunn made no further showing.

Following a hearing on the motion, the trial court ordered the appeal dismissed, stating that Mr. Bunn had failed "to comply with the applicable appellate rules (Rule 83)

and . . . to diligently prosecute his appeal." We believe that the district court erred, and we reverse the dismissal order.

■ It has long been judicial policy in Idaho that controversies be determined and disposed of each on its own particular facts and as substantial justice may require. The exercise of judicial discretion should tend to bring about a judgment on the merits. *Perry v. Perkins*, 73 Idaho 4, 245 P.2d 405 (1952); *Dellwo v. Peterson*, 34 Idaho 697, 203 P. 472 (1921). See 5 Am.Jur.2d *Appeal and Error* § 906. The California District Court of Appeal, Second District, in *Brown v. Guy*, 167 Cal.App.2d 211, 334 P.2d 67, 69–70 (1959), said: "There is, of course, a strong public policy in favor of hearing appeals on their merits and of not depriving a party of his right of appeal because of technical ·noncompliance where he is attempting to perfect his appeal in good faith." *Accord, Lundy v. Lakin*, 89 Cal. App.2d 849, 202 P.2d 369 (Cal.1949).

In addressing the effect of noncompliance with procedural statutes and rules, the Court in *Stoner v. Turner*, 73 Idaho 117, 121, 247 P.2d 469, 471 (1952), said:

> The object of statutes and rules regulating procedure in the courts is to promote the administration of justice. Those statutes and rules which fix the time within which procedural rights are to be asserted are intended to expedite the disposition of causes to the end that justice will not be denied by inexcusable and unnecessary delay. But, except as to those which are mandatory or jurisdictional, procedural regulations should not be so applied as to defeat their primary purpose, that is, the disposition of causes upon their substantial merits without delay or prejudice.

Such philosophy again found expression in the Idaho Rules of Civil Procedure. Rule 1, as first promulgated, stated the following, which continues in the rule as now amended:

---

1. The applicable rule is I.R.C.P. 83(k), which provides for appellant's payment of the fees estimated by the transcriber within 5 days of service on appellant of the order requiring the transcript.

These rules govern the procedure in the district, probate and justices' courts in the state of Idaho in all actions and proceedings of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in particular rules and in rule 81. They shall be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding.

Rule 1, I.R.C.P.[2]

■ A "determination" of an action within the meaning of Rule 1 is meant to be a *determination* of the controversy on the merits—not a *termination* on a procedural technicality which serves litigants not at all. A determination entails a finding of the facts and an application of the law in order to resolve the legal rights of the litigants who hope to resolve their differences in the courts. The "liberal construction" of the rules required by Rule 1, while it cannot alter compliance which is mandatory and jurisdictional, will ordinarily preclude dismissal of an appeal for that which is but technical noncompliance. This will be especially so where no prejudice is shown by any delay which may have been occasioned. Rule 83(s), which governs appeals from magistrate court to district court, does not require dismissal for failure of an appellant to punctually take any of the required steps; *specifically* dismissal is but *a* sanction, albeit the ultimate one, for failing to diligently process an appeal. Judicial discretion, the exercise of which may result in an appeal's dismissal, must be a *sound* judicial discretion. Sound judicial discretion properly exercised will reflect the judicial policy of this State developed over many years by case law, and lying within the spirit of liberality mandated by Rule 1.

■ Where the decision to dismiss an appeal shows that it was soundly made, with proper regard for all attendant circumstances, this Court will not interfere. *Lisher v. Krassalt*, 96 Idaho 854, 538 P.2d 783 (1975); *Mead v. Citizens Auto. Inter-Insurance Exch.*, 78 Idaho 63, 297 P.2d 1042 (1956); *Fisher v. Bunker Hill*, 96 Idaho 341, 528 P.2d 903 (1974); *Johnson v. McIntyre*, 80 Idaho 135, 326 P.2d 939 (1958); *Crumley v. Minden*, 80 Idaho 391, 331 P.2d 275 (1958); *Perry v. Perkins, supra.*

Here it is strongly urged by Mr. Bunn that he was in good faith prosecuting his appeal. Although he was approximately 49 days late in making the payment, yet he was almost 2 weeks ahead of the jurisdictional deadline for the filing of his appeal. He explains that his delay in making payment to the reporter was occasioned by an appendectomy; Mrs. Bunn does not refute this. Mr. Bunn contends that the delay has not prejudiced Mrs. Bunn; she does not refute this. Even were the matter to be thought of as being in equipose, we note that payment of the reporter's estimate was made immediately upon the filing of the motion to dismiss. This motion was the very first advice to counsel for Mr. Bunn that Mrs. Bunn would insist on the orderly progression of the appeal. Mr. Bunn thus acted swiftly on but the one prompting. In *Stoner v. Turner*, 73 Idaho 117, 247 P.2d 469 (1952), the Court gave credit for a litigant's prompt action taken under a circumstance similar to this. There, where the attorneys for that particular litigant took over 30 days in which to file the necessary papers, the Court liberally considered such as "a short delay thereafter on the part of the attorneys, but the total delay was not unreasonable." *Id.* at 121, 247 P.2d at 471.

By contrast, the district court here, in dismissing the appeal, stated only that the lapse of time, June 8 until July 29, was "too much time," and did not address the question of any prejudice to Mrs. Bunn occasioned by the delay. Nor does it appear that any consideration was given to the imposition of lesser sanctions, such as withholding of costs. Nor did the court express itself on the point that the very motion which led to the dismissal was the first expression of an insistence that the appeal be moved along.

---

2. The rule has been amended, but the requirement of liberality in construction remains unchanged.

The statement of the court that June 8, 1977, was a *deadline* for payment of the estimated fee is indicative that the court felt that anything less than strict compliance with the 5-day rule necessitated a dismissal. At oral argument, counsel representing Mrs. Bunn stated that her position would be the same had the delay been one of only 15 days, as against 49. We do not see the rule as being that demanding. Rather, repeating what the Court said in *Stoner, supra*, we continue to believe that rules which regulate procedure in the courts, other than those which are mandatory and jurisdictional, "should not be so applied as to defeat their primary purpose. . . ." *Id.* Just recently this Court, acting upon the work product and recommendation of a committee of members of the Idaho Bar, adopted and promulgated a complete new set of appellate rules governing appeals to this Court from district courts. The previous rules and statutes which had long served vexatious to the bar were narrowed to but one jurisdictional rule, the timely filing of the notice, thus continuing the earlier philosophy of Idaho jurisprudence which recognizes that rules of procedure are designed to promote the disposition of causes upon their substantial merits.

Neither party has cited recent cases which appear to be controlling on the very point involved (and we logically assume that such were not brought to the attention of the district court), which clearly require some proof of prejudice as a prerequisite to dismissal of an appeal.

In *Miller v. Miller*, 96 Idaho 10, 523 P.2d 827 (1974), the "deadline" for the filing of the appellant's brief was May 16, 1974. The brief was not filed until August 10, and then filed only after the respondent there had on August 3 filed a motion to dismiss. As against the 49 days involved here, in *Miller* the brief was 84 days late. Repeating that the dismissal for noncompliance with time rules was discretionary, not mandatory, the Court observed as to no showing of prejudice: "The respondent does not allege that she was hampered in the preparation of her brief or presentation of her case by the appellant's delay, therefore the appeal will not be dismissed." *Id.* at 12, 523 P.2d at 829.

In similar circumstances, with Justice Donaldson writing for the Court, a motion to dismiss an appeal was denied for the same reason. *McNett v. McNett*, 95 Idaho 59, 501 P.2d 1059 (1973).

We do not hold that there will not be circumstances which may justify a district court in imposing outright dismissal as a proper sanction for failure to diligently prosecute an appeal. See remarks by Justice Bakes in *State Tax Comm'n v. First Security Bank of Idaho*, 96 Idaho 261, 526 P.2d 1097 (1974). Where Mrs. Bunn has neither alleged nor shown any prejudice, and the time delay is not inordinate, and where an excuse has been tendered, and Mr. Bunn took immediate action on the motion being made, the appeal should not have been dismissed.

The order dismissing the appeal is reversed. The order granting attorney fees for effecting the dismissal of the appeal is likewise reversed.

The cause is remanded for further proceedings. No costs awarded.

McFADDEN and BAKES, JJ., concur.

SHEPARD, C. J., and DONALDSON, J., dissent without opinion.