597 P.2d 1077

Frederick Leslie WOOD, III,
Plaintiff-Appellant,

v.

Judith Ann WOOD,
Defendant-Respondent.

No. 12795.

Supreme Court of Idaho.

July 25, 1979.

Richard B. Eismann and Daniel T. Eismann, Homedale, for plaintiff-appellant.

Andrew G. Wilson, II and Jon M. Steele, Boise, for defendant-respondent.

SCOGGIN, Judge Pro Tem.

The sole issue on this appeal is whether the district court erred in setting aside a default decree of divorce obtained by plaintiff-appellant Frederick Leslie Wood, III (hereafter husband). Appellant husband and defendant-respondent Judith Ann Wood (hereafter wife) were married in Phoenix, Arizona on June 30, 1973. In September, 1973, the parties moved to California where they lived as husband and wife. From September 1973 to September 1976 the husband was a member of the United States Air Force. On October 15, 1976, the parties separated. Thereafter husband moved to Idaho and wife moved to Colorado with the parties' only child, who has continuously resided with respondent wife since the separation.

After residing in Idaho for more than six full weeks, husband filed this action for divorce in the Third Judicial District Court, Owyhee County, on December 16, 1976. Wife was personally served with copies of the summons and complaint at her residence in Aurora, Colorado. On January 20, 1977, husband filed an amended complaint and the next day wife was again personally served in Colorado. Wife failed to appear or answer the amended complaint, and on February 11, 1977, a default divorce decree was entered. The default decree dissolved the marriage of the parties, awarded custody of the parties' minor child to wife, established husband's visitation rights, ordered husband to pay $175 per month child support, and divided the parties' community property between them.

On July 29, 1977, wife moved to set aside the default divorce decree pursuant to I.R.C.P. 55(c) and 60(b). Based upon the written record and affidavits submitted by both parties, the district court granted wife's motion to set aside the default decree. This appeal followed.

■ When a motion to set aside a default decree is heard on affidavits and written records alone and no oral testimony is taken, this court is in as good a position to evaluate the showing made as was the lower tribunal and will therefore examine and be governed by the facts disclosed, and exercise its own discretion. *Fisher v. Bunker Hill Co.*, 96 Idaho 341, 528 P.2d 903 (1974); *Crumley v. Minden*, 80 Idaho 391, 331 P.2d 275 (1958); *Johnson v. McIntyre*, 80 Idaho 135, 326 P.2d 989 (1958).

■ In the instant case the affidavits disclose that wife, a nonresident having no contacts whatever with the State of Idaho, was not personally served within the court's jurisdiction and she did not voluntarily appear prior to the entry of the default divorce decree. Such a showing raises serious doubts as to whether the district court had jurisdiction to enter the divorce decree insofar as it acted in personam and is sufficient

to justify setting aside that portion of the decree which acts in personam pursuant to I.R.C.P. 60(b)(6). *Marco Distributing, Inc. v. Biehl,* 97 Idaho 853, 555 P.2d 393 (1976).

 However, the district court did not need in personam jurisdiction over the wife in order to dissolve the parties' marriage. A divorce action is classified as an action in rem or quasi in rem and substituted service authorizes such proceedings. *Newell v. Newell,* 77 Idaho 355, 293 P.2d 663 (1956), cert. den. 352 U.S. 871, 77 S.Ct. 95, 1 L.Ed.2d 76. If a judgment is only void in part and such void portion can be separated from the balance, relief may be granted to that extent. In such a case, the void portion will be vacated and the valid portion will be permitted to stand. *Occidental Life Ins. Co. v. Niendorf,* 55 Idaho 521, 44 P.2d 1099 (1935); *Angel v. Mellen,* 48 Idaho 750, 285 P. 461 (1930). Moreover, both parties concede that the portion of the default decree dissolving their marriage is valid and each of them argued orally and in their briefs to this court that it is severable from the remainder of the decree and that the dissolution of the marriage should stand. The district court order setting aside the default divorce decree is therefore reversed to the extent that it sets aside that portion of the decree dissolving the parties' marriage. The rest of the order is affirmed.

Judgment affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion. No costs or attorney fees allowed.

DONALDSON, C. J., and SHEPARD, J., concur.

BAKES, J., would affirm the order of the trial court in its entirety.

BISTLINE, Justice, dissenting.

I would affirm and will briefly state my reasons for not concurring. The sole issue is whether a sufficient showing was made to justify the trial court's decision to set aside the default and default judgment. A jurisdictional challenge was not presented to the trial court, and it can only be confusing to consider that issue for the first time at the appellate level. The motion to set aside the default judgment was primarily for the trial court in the first instance, and absent any showing of error in his exercise of discretion, the order should be affirmed. Jurisdiction is a moot issue where the respondent has now voluntarily entered a general appearance, and the entire case opened up. The subsequent agreement of the parties expressing their joint desire to preserve the divorce decree is not a proper reason for reversing the district court where no error was committed.