. (December 14, 1906.)

## W. D. ROBBINS, Respondent, v. LESLIE A. PORTER and LOLO C. PORTER, Appellants.

[88 Pac. 86.]

SPECIFIC PERFORMANCE—STATUTE OF FRAUDS—CONFLICTING EVIDENCE—SUFFICIENCY OF COMPLAINT.

1. A contract to convey real estate will be enforced when it is shown that a deed was executed and left in the hands of the attorney of the grantor for inspection by the grantee, and after such inspection the grantee was willing to accept the deed, and had already paid the purchase price.

2. A deed properly executed and left with the attorney. of the grantor of real estate is sufficient to remove the bar of the statute of frauds in an action for specific performance where the purchase price has been paid.

3. Where the evidence is conflicting and the case is tried to the court, and it appears from the transcript that the judgment is fully justified by evidence, under a long-established rule of this court,

even though the case be for specific performance, the judgment will not be reversed.

4. A complaint that fully sets out the contract for the conveyance of real estate, although the original contract was verbal, that is afterward merged into a different contract which is evidenced by a deed left in the hands of the attorney of the grantor for inspection of the grantee, is sufficient upon which to base a judgment for specific performance.

(Syllabus by the court.)

APPEAL from the District Court of Second Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action for specific performance of a contract to convey real estate. Judgment for plaintiff, from which, and an order denying a motion for new trial, defendants appealed. *Affirmed.*

Geo. W. Tannahill, for Appellants.

The allegations contained in the complaint are insufficient to take the case out of the statute of frauds, involving as they do the title to the real estate and the specific performance of a contract for the conveyance of the same from the appellants to the respondent. This contract is not based upon any written instrument, or any promise whereby any part of the consideration was paid, or any memorandum in writing signed by the parties to this action. Allegations of part performance are insufficient to take the case out of the statute, and the objection to the introduction of any evidence in support of the allegations contained in the complaint should be sustained. (Wood on Statute of Frauds, 820, and cases cited; *Wood v. Farmare,* 10 Watts (Pa.), 204.)

A mere contract or a covenant to convey at a future time on the purchaser to perform certain acts does not create an equitable title. It is only when the purchaser performs or tenders performance of all the acts necessary to entitle him to a deed that he has an equitable title and may compel a conveyance. Prior thereto he *has at best only* a contract for

o

land, *when* he shall have performed his part of the agreement. (Warvelle on Vendors, 188; *Chappell v. McKnight,* 108 Ill. 570.)

A party in default has no standing in equity to compel performance by another party similarly situated. *This is one of the best known rules governing this branch of the law.* Therefore, he who seeks to enforce a contract as against others must be himself without default, and ready and willing to comply. (Warvelle on Vendors, 2d ed., sec. 756; *Bishop v. Newton,* 20 Ill. 175; *Brown v. Cannon,* 5 Gilm. (10 Ill.) 174.)

Daniel Needham, for Respondent.

Undelivered deeds, and deeds delivered in escrow are sufficient written evidence of the existence of a contract to be enforced as a contract between the parties. (*White v. Breen,* 106 Ala. 159, 19 South. 59, 32 L. R. A. 127; *Rutenberg v. Main,* 47 Cal. 213; *Salmon Falls Mfg. Co. v. Godard,* 14 How. 447, 14 L. ed. 493.) *Motion for nonsuit on account of insufficiency of evidence is waived by the subsequent introduction of testimony by the mover.* (*Chamberlain v. Woodin,* 2 Idaho, 642, 23 Pac. 177; *Bradley v. Poole,* 98 Mass. 169, 93 Am. Dec. 144; *Grand Trunk Ry. Co. v. Cummings,* 106 U. S. 700, 27 L. ed. 266, 1 Sup. Ct. Rep. 493; *Accident Ins. Co. v. Crandal,* 120 U. S. 530, 30 L. ed. 740, 7 Sup. Ct. Rep. 685.) A finding of fact by the trial court is conclusive on appeal, there being evidence to support it. (*Curtin v. Harvey,* 120 Cal. 620, 52 Pac. 1077; *Anderson v. Johnson,* 120 Cal. 657, 53 Pac. 264; *Yore v. Seitz* (Cal.), 57 Pac. 886.) Where the evidence is conflicting the findings of the lower court will not be disturbed. (*Connolly v. Wicks* (Cal.), 51 Pac. 37; *Barker v. Gould,* 122 Cal. 240, 54 Pac. 845; *Spiller v. Kaeding,* 133 Cal. 500, 65 Pac. 1040; *Prince v. Kennedy* (Cal. App.), 86 Pac. 609; *Spaulding v. Coeur d'Alene Ry. & Nav. Co.,* 5 Idaho, 528, 51 Pac. 408.)

STOCKSLAGER, C. J.—This is an action for the specific performance of a contract to convey land. It is alleged in

the complaint that in November, 1903, plaintiff and defendant entered into a contract, wherein plaintiff was to procure from Nora Hart, Cora Jackson, her husband, William Jackson. Ellen Winnier and Dunbar Winnier, her husband, deeds to all their rights and equities in certain lands in Asotin county, Washington, for defendant, and for the procuring of said deeds defendant agreed to pay to plaintiff $1,500. It is then alleged that plaintiff procured such deeds, and there was a payment of $250 to plaintiff by defendant on the contract; that subsequent to making the foregoing contract and performing the deeds aforesaid, and the payment of said $250 to plaintiff by defendant, Leslie A. Porter, to wit, on or about the —— day of March, 1904, plaintiff and Leslie A. Porter modified their former agreement, and entered into another agreement wherein said Leslie A. Porter agreed to execute and deliver to plaintiff, in full payment of said balance of $1,250 due plaintiff from defendant for procuring said deeds, a good and sufficient warranty deed to certain lands in Nez Perce county, covering about three and one-half acres; that such lands were surveyed by the county surveyor of Nez Perce county at the instance of defendant Leslie A. Porter, and defendants executed their deed to said premises to plaintiff for the consideration of the said sum of $1,250 balance due on the original contract, and put plaintiff in the quiet and peaceful possession thereof; that at the time of making said subsequent agreement, survey and deed, the premises were occupied by one Miss Bashor, as tenant, who paid the rental to defendant, Leslie A. Porter, who turned the same over to plaintiff; that defendant, Leslie A. Porter, has refused, and still refuses, to deliver said deed to plaintiff, although the full purchase price of said premises has been paid by plaintiff, and plaintiff put into possession of said premises, and the delivery of said deed requested by plaintiff of defendant L. A. Porter; that Lolo C. Porter is the wife of Leslie A. Porter. The prayer is that defendants be ordered and adjudged to deliver to plaintiff the deed they executed and agreed to deliver, and if they have otherwise disposed of the

property or encumbered the same, that plaintiff have judgment against defendants for the sum of $1,250.

The defendants answered this amended complaint and denied the original contract set out in the complaint; also that plaintiff procured the deeds as alleged in the complaint, and deny generally all the allegations of the complaint excepting the allegation that Leslie A. Porter and Lolo C. Porter are husband and wife. For a further defense defendants aver that on or about the tenth day of March, 1903, plaintiff represented to defendant that he had powers of attorney from all the heirs having any property rights or interest in the property in Asotin county, Washington, for which plaintiff alleges that he procured the deeds; that the plaintiff did not have such power of attorney, and could not have procured such title to said lands, and did not know the persons in whom the title was vested, and did not, and could not, procure the title therefor to said land, or any part thereof, except the title and interest of one Nora Hart, an undivided one-twelfth interest in and to said land, and the right, title and interest of all other persons owning the remaining eleven-twelfths interest the plaintiff never did procure for defendant, and defendant lost nearly all the other interests, and was obliged to sell out and dispose of the interests that he had secured in and to said land, which was too inconsiderable for any use whatever, and because he could not procure the other interests which the said plaintiff had agreed to procure for him, and which he did not, and never could, procure; that plaintiff never had any power of attorney whatever from the heirs owning a larger portion of the interest in said land, and was never in any position to deal with them in any way whatever and other interests, to wit, the interest of Cora Jackson née-Cora McBeam, for which he claimed to have a power of attorney to act, has been conveyed and disposed of by said Cora Jackson and William Jackson, her husband, prior to said plaintiff having any authority whatever to convey or to deal with the same. It is then averred that defendant has been damaged in the loss of said property, and by virtue of the

representations and inability of said plaintiff to secure for him and convey said property to defendant in the sum of $5,000, for which amount he demands judgment.

Plaintiff answered the separate defense of defendants by denying each and all of the averments thereof. Defendant, Leslie A. Porter, filed his cross-complaint in which it is alleged that he is the owner and entitled to the immediate possession of the three and one-half acres of land in dispute, and alleging that on or about the twenty-second day of August, 1904, plaintiff, without any right, title or authority, entered into and upon said land and ejected his tenant, Miss Sadie Bashor, and cross-plaintiff, and ever since has by force and threats excluded and kept off from said land cross-plaintiff, and since last-mentioned date has taken from said place all of the fruits and products grown thereon, the rents, issues and profits thereof, without any right, title or authority, to the damage of cross-plaintiff in the sum of $50, for which amount he demands payment and for the immediate possession of said premises. All of the allegations of this cross-complaint are denied by plaintiff, and he avers that he has fully paid defendant Porter therefor, and was put into possession thereof by said defendant, and is now in such possession by reason thereof and no other.

A jury was waived and trial to the court, judgment for plaintiff entered and filed January 15, 1906. The court found that the contract as alleged in plaintiff's complaint was entered into by plaintiff and defendant, Leslie A. Porter, on or about November 10, 1903; that in pursuance of such agreement plaintiff procured the deeds and delivered them to Leslie A. Porter, and that said Porter accepted them, had them filed for record and duly recorded in the office of the recorder of the county of Asotin, state of Washington; that only $250 of the contract price has been paid, leaving a balance due from defendants to plaintiff of $1,250; that subsequent to procuring said deeds and delivery of same by plaintiff to defendant and the payment of said $250, to wit, on or about January 28, 1904, plaintiff and defendant, Leslie A. Porter,

entered into another and second agreement, wherein and whereby said defendant agreed to and promised to execute and deliver to plaintiff, in full payment of said balance of $1,250 due plaintiff for procuring said deeds, a good and sufficient warranty deed to certain lands in Nez Perce county, Idaho, plaintiff agreeing to accept, in full payment of $1,250, the same lands, which second agreement was evidenced by a memorandum in writing and signed and acknowledged by said defendants, and is a warranty deed to said premises, and contains the terms of said agreements and a correct description of the property agreed to be so conveyed. The findings contain a full copy of the deed which is the ordinary form of warranty. When the plaintiff had concluded his evidence, defendants moved for a new trial, alleging that "plaintiff had wholly failed to prove any of the material allegations alleged in the complaint; that the evidence affirmatively shows that the plaintiff wrongfully took possession of the tract of land belonging to the defendants, and that no agreement, in writing or otherwise, had existed between the plaintiff and defendants for the conveyance of the tract of lands, and that none of the allegations of the complaint have been proven, and that the defendants ask permission to proceed on their cross-complaint and allegations therein contained for the possession of the land." This motion was overruled.

Counsel for appellant assigns a number of errors occurring at the trial, but in his brief makes the following statement: "These assignments of error may very properly be discussed and considered as one assignment, . . . . for the reason that they relate to the insufficiency of the evidence to sustain the findings of fact, conclusion of law and decree." Almost the entire brief of learned counsel for appellant is directed to a discussion of the evidence and an effort to show wherein it is insufficient to support the findings and judgment for specific performance. He insists that his motion for nonsuit should have been sustained, for the reason that the evidence did not support the allegations of the complaint, and that he should have been permitted to submit his proof on his cross-

complaint for possession of the premises in Nez Perce county, and for damages for wrongful detention. This court very recently decided that where a motion for a nonsuit was interposed at the close of the evidence for the plaintiff, if denied, and the defendant thereafter offered evidence in defense he waived his rights under his motion unless renewed at the close of all the evidence. (*Shields v. Johnson, ante,* p. 329, 85 Pac. 972.)

It is shown by the record in this case that defendants not only offered proof in support of their cross-complaint, but met the issue and evidence of the plaintiff as offered in support of his complaint, hence they fall under the rule announced long since in this state; indeed, it was the rule before we were admitted as a state, and has been followed down to the present time. The authorities are referred to in *Shields v. Johnson, supra,* not only of this state, but other jurisdictions as well.

Counsel for appellant insists that "allegations of the complaint are insufficient to take the case out of the statute of frauds, involving as they do the title to real estate and the specific performance of a contract for the conveyance of the same from the appellants to the respondent." He says: "This contract is not based upon any written instrument or any promise whereby any part of the consideration was paid, or any memorandum in writing signed by the parties to the action." It is true that courts of equity will not enforce a contract for specific performance unless its terms are plain and unequivocal and the party seeking its performance is without fault. With this statement we will ascertain what is shown by the record before us. It is not disputed that appellant, Leslie A. Porter, and respondent entered into a contract whereby respondent was to procure deeds to certain real estate in Asotin county, Washington, for said appellant, and was to receive $1,500 for his services in procuring the same. This contract was a verbal one, but is admitted by the pleadings, the dispute being as to just what respondent was to procure for appellant, Leslie A. Porter, appellant insisting that

the contract was for all the interest in the land described in the pleadings, consisting of one hundred and sixty-four acres, and that respondent represented to him that he had powers of attorney from all the heirs, and could and would procure good and sufficient warranty deeds from all of them. On the other hand respondent insists that he only contracted to procure deeds from Cora Jackson, Nora Hart and Ellen Winnier. That he procured such deeds and delivered them to appellant; that he accepted them and had them recorded; that Porter paid him on such agreement the sum of $250; that subsequent to the delivery of such deeds and the payment to him of the $250 respondent testifies another agreement was entered into by himself and appellant, Leslie A. Porter, by the terms of which he was to receive a good and sufficient warranty deed from defendants to a small tract of land in Nez Perce county, consisting of about three and one-half acres, with a house and other improvements thereon, and that he was to accept such tract of land in full payment of the balance of $1,250 due him on the original contract; that the land was surveyed and he was placed in possession thereof by appellants; that they executed and acknowledged the deed after such survey, according to the terms of the last agreement and showed it to him. Again he testifies that after the land was surveyed Porter said to him: "Robbins, here is your land, take it." He says when Mr. Porter submitted the deed to him he said if the title was all right he would accept it; that Porter said: " 'Robbins, I feel I ought to hold a little string over you; I am afraid that if I deliver this deed to you, you will sell that and leave the country, and I won't be able to find you, and I want you because you can procure proof for me, and I want to be able to get you.' I said, 'Mr. Porter, I paid for the deed and I want it.' . . . . He says, 'We will put it in escrow.' I says, 'No, you can't put it in escrow with me; that deed is mine.' " Mr. Harry Harford testified that at the time the land in question was surveyed he was present and Mr. Porter said to him: "I have agreed to let Robbins have this piece of land that I am going to let

you have, but I can give him other land in lieu of it; it don't make any difference to me." Mr. Eugene O'Neill was the first witness called for defendants. He testified that as attorney for Mr. Porter he prepared the deed from the Porters to Robbins for the tract of land in dispute. He corroborates the evidence of Robbins in some particulars. With reference to the deed to Robbins from the Porters he says he prepared it; says Porter left the deed with him to show to Mr. Robbins but not for delivery. There was no escrow agreement signed by them. After Mr. Robbins had examined the deed he afterward came and demanded the deed but its delivery was refused.

Appellant Leslie A. Porter testified. He insists that his first agreement with Robbins was that Robbins was to get a deed from all the heirs of the Timothy estate for which he would pay $3,000, and that the heirs named by Robbins were Cora Jackson, Ellen Winnier and Nora Hart. The next day he met Robbins and told him that he had a memorandum that John Silcott had given him, showing that Maggie Timothy was an heir to the Timothy estate; that Robbins assured him that Maggie Timothy was not an heir and that the others named were all the heirs to said estate. He admits that the deed was executed according to a subsequent agreement as testified to by Robbins, and says it was to be placed in escrow and not delivered until Robbins complied with all his part of both contracts. In rebuttal Robbins positively denied the statement of Porter with reference to the escrow agreement, and in fact all of his testimony excepting wherein it corroborated or tended to corroborate his own. It will be seen that the record is bristling with denials and contradictions on the part of both Robbins and Porter. It is conceded by Porter that he entered into the two contracts set out in the complaint; that he wanted to purchase the Timothy land; that the consideration was agreed upon and $250 paid on it; that after the second agreement the land was surveyed by the county surveyor, but that he did not employ him to do such work. The surveyor says both Robbins and Porter spoke to

him about making the survey, but he does not remember which was the first to speak to him about it. It is a matter of little importance who first spoke to the county surveyor or asked him to do the work. It is enough if he did it— and that fact is not disputed—and the parties in interest were satisfied with the result of his labors. It is shown that the Porters afterward executed their deed to Robbins in conformity with the surveyor's report, and left it with Mr. O'Neill to submit to Robbins. O'Neill did so, and Robbins afterward demanded possession of the deed from O'Neill, which, at the instance of Leslie A. Porter, was refused.

This court has recently held that contracts of the character set out in the complaint in this action will be enforced without regard to the rule that requires a plaintiff who seeks to establish a trust in real property to make out his case "clearly and satisfactorily beyond a reasonable doubt." The old rule requiring such proof has been relaxed by the modern decisions and especially by this court. In *Morrow v. Mathews,* 10 Idaho, 423, 79 Pac. 196, Mr. Justice Ailshie has very ably discussed the old as well as the new rule governing this class of cases, and the authorities on both sides of the question are collected and discussed.

After carefully considering the evidence in this case, we think the findings of fact by the court were fully justified. Counsel for appellant insists that the complaint does not support the judgment. We cannot agree with this contention. It occurs to us that the amended complaint upon which the case was tried was full and complete, and that the judgment should be sustained, and it is so ordered, with costs to respondent.

Ailshie, J., and Sullivan, J., concur.

STOCKSLAGER, C. J.—Since writing this opinion counsel for appellant calls our attention to a recent decision of the supreme court of the United States, entitled *Oscar D. Halsell et al. v. Wm. Renfrew and R. J. Edwards,* 202 U. S. 287, 50

L. ed. 1032, 26 Sup. Ct. Rep. 610. We have examined this case, and the facts are quite different. In the above case there was no part performance of any contract, so says the court. In the case at bar it is shown that certain ends were obtained under the original contract which was afterward merged into a new contract as found by the trial court, the original contract and the procurement of certain deeds under it, is considered by appellants, the entire dispute being with reference to that contract as to who the heirs of the Timothy estate were. It is also shown that the land in dispute was surveyed for respondent, and that appellants executed their deed for such land to respondent.