(February 1, 1909.)

J. G. WHITNEY and J. L. FARNES, Copartners Doing Business in the Firm Name and Style of WHITNEY & FARNES, Respondents, v. C. H. WOODMANSEE and J. W. WEBSTER, Doing Business in the Firm Name and Style of WOODMANSEE & WEBSTER COMPANY, Appellants.

[99 Pac. 968.]

CONTRACTS—UNDISCLOSED PRINCIPAL—LIABILITY OF AGENT—INSTRUCTIONS—LIMITATION OF DAMAGES.

1. Where an agent makes a contract in his own name and conceals the fact of his agency, he may be treated as the principal by the party with whom he deals, and may be held liable on the contract to the same extent as if he were in fact the principal in interest.

2. Where there is a substantial conflict in the evidence, the verdict of the jury will not be set aside.

3. An instruction which requires the jury to fix the amount of damages which the plaintiff may recover within the evidence under the pleadings is not erroneous.

4. Evidence in this case examined and held to support the verdict.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District, for Fremont County. Hon. James M. Stevens, Judge.

An action to recover the contract price for digging a well. Judgment for plaintiff. Defendant appeals. *Affirmed.*

Soule & Soule, for Appellants.

The instruction of the court, if followed by the jury, would permit them to act arbitrarily as to the amount of damages they could assess against plaintiff, regardless of the amount prayed for in the complaint. (*Holt v. Spokane & Palouse Ry. Co.*, 3 Ida. 703, 35 Pac. 39.) The evidence does not justify the verdict of the jury nor the judgment of the court, and in such case must be set aside. (23 Cyc. 820 G.; *Denver South Park & Pac. Co. v. Reed*, 6 Colo. 330.)

W. H. Holden, and E. M. Holden, for Respondents.

An agent will be liable on a contract entered into for an undisclosed principal, even if it is well known to the third party that he acts only as an agent. (*Merrill v. Wilson*, 6 Ind. 426; *Wilder v. Cowles*, 100 Mass. 487; *Beebee v. Robert*, 12 Wend. 413, 27 Am. Dec. 132; *Allen v. Rostain*, 11 Serg. & R. 362; *Royce v. Allen*, 28 Vt. 234.)

When a party deals with an agent, without any disclosure of his agency, he may elect to treat the after-discovered principal as the person with whom he contracted. (*Ford v. Williams*, 21 How. (U. S.) 287, 16 L. ed. 36; *Jones v. New York Guaranty & I. Co.*, 101 U. S. 622, 25 L. ed. 1030.)

Where an agent in his dealings with third parties does not disclose his principal, he will be personally liable on the contract. (*Hall v. Bradbury*, 40 Conn. 32; *Baldwin v. Leonard*, 39 Vt. 260, 94 Am. Dec. 324; *Welch v. Goodwin*, 123 Mass. 71, 25 Am. Rep. 24; *Einstein v. Holt*, 52 Mo. 340; *Baltzen v. Nicolay*, 53 N. Y. 467; Story on Agency, secs. 266, 267.)

Where there is a substantial conflict in the evidence, the appellate court will not disturb the findings. (*Buckle v. McConaghy*, 12 Ida. 736, 88 Pac. 100; *Watson v. Molden*, 10 Ida. 570, 79 Pac. 503; *Park v. Boulware*, 9 Ida. 225, 73 Pac. 19; *Pine v. Callahan*, 8 Ida. 684, 71 Pac. 473; and many other Idaho decisions.)

STEWART, J.—This action was brought against C. H. Woodmansee and J. W. Webster, as partners doing business in the firm name and style of Woodmansee & Webster Company, to recover the contract price for the digging of a well upon land alleged to be the property of the defendants. The complaint alleges:

"That said defendants agreed to and with the said plaintiffs to pay said plaintiffs the sum of 75% of the costs of said well in the event that said plaintiffs secured fifteen feet of water in said well. The contract price for boring said well being One Thousand Dollars, in the event said plaintiffs were compelled to sink said well to a depth of two hundred and fifty feet or more and in the event said plaintiffs secured fifteen feet of water in said well under two hundred and fifty feet in depth, that then and in such case the contract price for boring said well was to be Three Dollars per foot. That said plaintiffs in order to secure fifteen feet of water in said well bored and sunk the same to a depth of 251.3 feet, for which the said defendants agreed to and with the said plaintiffs to pay said plaintiffs the sum of 75% of the contract price of $1,000, to wit: $750.00, lawful money of the United States; the other 25% of said contract price of $1,000, to wit: $250.00, was to be paid by subscriptions of various amounts subscribed by the dry farmers and residents of Rexburg and Fremont County, that said residents and dry farmers have paid the said 25% of the contract price of $1,000, to wit, $250.00."

The answer of the defendants put in issue two questions: First, did the defendants individually or as members of a firm contract or agree to pay plaintiffs the amount sued for or any sum whatever for the digging of said well? Second, was it necessary to dig said well 250 or more feet in order to secure fifteen feet of water, as stated in the contract set forth in the complaint?

The cause was tried to a jury and the jury returned a general verdict in favor of the plaintiffs in the sum of $750 less the sum of $93, and also a special verdict as follows:

"Did plaintiffs bore the well in question for the above-named defendants as a copartnership or individuals at said defendants' special instance and request? A. Copartnership.

"Q. Did plaintiffs bore the well in question for Wood-mansee-Webster Company, a corporation? A. No.

"Q. How deep is the well in question in this case? A. 251 feet and 11 inches.

"Q. How deep is the water in said well? A. Between 25 and 40 feet.

"Q. How deep was it necessary to drive said well in order to secure fifteen feet of water in the same? A. 251 feet and 11 inches.

"J. H. EGBERT, Foreman."

Upon the verdict of the jury the court entered judgment in favor of plaintiffs and against the defendants, "C. H. Woodmansee and J. W. Webster, Copartners, in the sum of $683 and no/100 Dollars." A motion for a new trial was made and overruled and this appeal is from the judgment and from the order overruling the motion for a new trial. There are nineteen assignments of error, all of which, however, are involved in two general propositions which appellants have presented in their brief and upon the oral argument. First, Did the appellants make the contract for digging the well in question for a partnership composed of C. H. Woodmansee and J. W. Webster, or did they make the contract as agents for and on behalf of the Woodmansee and Webster Company, a corporation? Second, Was it necessary and was the well dug 250 feet in depth in order to secure fifteen feet of water therein?

It will be observed that the issue as to whether or not the contract to dig the well was made with Woodmansee and Webster Company, a partnership, or with Woodmansee and Webster, as agents for a corporation known as Woodmansee and Webster Company, was directly submitted to the jury and upon which they returned a special verdict and found that the well in question was bored for the defendants as a copartnership and not as agents for a corporation or for the

corporation. The jury then having found upon this question, the only inquiry is: Does the evidence support such verdict.

The evidence is very voluminous, and to review the same in detail would require more space than can profitably be given to such a discussion. It clearly appears from the evidence that all of the negotiations, which led up to and resulted in the making of a contract for the digging of the well, were carried on between plaintiffs and C. H. Woodmansee. The fact that the plaintiffs dug the well is admitted. The fact that the plaintiffs secured a depth of water therein in excess of fifteen feet is also admitted. It also clearly appears from the evidence that at no time and upon no occasion did either C. H. Woodmansee or J. W. Webster inform the plaintiffs or disclose to them the fact that they were acting for the corporation known as Woodmansee and Webster Company. So far as appears from the evidence, the plaintiffs did not know that the defendants were acting as agents for any corporation or were acting in any different capacity than that of personally for themselves. It is a well-recognized rule of law that where an agent conceals the fact of his agency and enters into a contract in his own name, he may be treated as the principal by the party with whom he deals, and may be held liable on the contract to the same extent as if he were in fact the principal in interest. (2 Clark and Skyles on the Law of Agency, sec. 568; Story on Agency, secs. 266, 267; *Murphy v. Helmrich,* 66 Cal. 69, 4 Pac. 958; *Ye Seng Co. v. Corbitt,* 9 Fed. 423, 7 Saw. 368.) We are clearly of the opinion that the evidence is sufficient to support the verdict of the jury, that the defendants made the contract as partners and not as agents for the Woodmansee and Webster Company, a corporation.

The next question presented by the record is: Was it necessary to dig the well 250 or more feet in order to secure fifteen feet of water, and was the well 250 or more feet in depth?

The jury answered this question by saying that the well was 251 feet and 11 inches in depth, and in order to secure fifteen feet of water in such well it was necessary to dig

the well that depth. What has been said with reference to the contract applies alike with reference to the evidence upon this question. The jury has found in favor of the plaintiffs and the evidence, while conflicting upon this question, is sufficient in our judgment to support the verdict. The rule has been announced so often by this court that it seems useless to repeat it, that where there is a substantial conflict in the evidence, the verdict of the jury will not be set aside. (*Later Brothers v. Haywood, ante,* p. 716, 99 Pac. 828; *Stuart v. Hauser,* 9 Ida. 53, 72 Pac. 719; *Morrow v. Matthew,* 10 Ida. 423, 79 Pac. 196; *Robbins v. Porter,* 12 Ida. 738, 88 Pac. 86.)

Counsel for appellant assigns as error the giving of the following instruction:

"The court instructs you that if you believe from the evidence that C. H. Woodmansee, acting for and in behalf of himself and J. W. Webster, requested plaintiffs to dig said well on the land in question; and if you believe from the evidence that said plaintiffs dug said well to a depth of 250 feet or over and that it was necessary to dig said well to a depth of 250 feet or more to secure at least 15 feet of water; and if you believe from the evidence that said plaintiffs did secure at least 15 feet of water; and if you believe from the evidence that said defendants in such case agreed to pay said plaintiffs 75 per cent of $1,000 therefor; and if you believe from the evidence that said defendants have not paid therefor, then you are instructed to find for plaintiffs and to assess plaintiffs' damage in such sum as you will find due plaintiffs from said defendants."

In support of this alleged error, we are cited to the case of *Holt v. Spokane & Palouse Ry. Co.,* 3 Ida. 703, 35 Pac. 39. In the latter case the court held as error an instruction which advised the jury that they might give plaintiff "such sum as they think he is entitled to," for the reason that it placed no limitation upon the jury, and did not require them to base the damages awarded upon the evidence under the pleadings, but left the jury to fix the damages according to their own ideas and notions regardless of the pleadings

and proof. The instruction given in this case, however, requires the jury to fix the damages within the evidence. The vice in the instruction in the Holt case consisted in the court not limiting the amount of the recovery to the proof under the pleadings, but the instruction in this case, we think, confines the jury to the proof in determining the amount of recovery, and taken in connection with the other instructions in the case, requires the jury to base their verdict upon the proof.

There are a number of assignments of error based upon the admission and rejection of evidence. We have carefully examined these various assignments of error and find no prejudicial error in the record. The judgment is *affirmed.* Costs awarded to respondents.

Ailshie, J., concurs.