524 P.2d 1063

McCLUSKEY COMMISSARY, INC., an Idaho corporation, Plaintiff-Respondent,

v.

Gary SULLIVAN and Stanley Rice, Defendants-Appellants.

No. 11295.

Supreme Court of Idaho.

July 17, 1974.

**92**

Dennis J. Sallaz, Sallaz & Scanlan, Boise, for defendants-appellants.

David L. Whitney, Alexanderson, Davis, Rainey & Whitney, Caldwell, for plaintiff-respondent.

McFADDEN, Justice.

McCluskey Commissary, Inc., a corporation, brought this action against Gary Sullivan and Stanley Rice, the defendants-appellants, seeking a judgment for $3,941.72, and interest on an open account. The appellants answered the complaint, generally denying the allegations, and as an affirmative defense alleged that Sullivan never contracted with plaintiff for the purchase of the goods, and that Rice never contracted with the plaintiff except as an officer and agent of Progressive Service, Inc., doing business as "The Shah."

The case was tried before the court sitting without a jury. The trial court entered its findings of fact, conclusions of law and judgment in favor of the plaintiff for the amount prayed, together with interest. This appeal was then taken. We affirm.

Andrew McCluskey, as an agent for the plaintiff corporation had previously done business with another restaurant known as "Quinn's Lounge" managed by Sullivan. During the latter part of July 1970 Sullivan advised McCluskey "we [are] opening a new restaurant" and arranged for a meeting between McCluskey, Rice and himself at a restaurant later known as "The Shah". At this meeting the three of them discussed the needs of the new restaurant for meat and agreed the plaintiff would deliver meat for use in the restaurant on a cash basis. McCluskey testified that at this time he was led to believe that this was a joint venture between Sullivan and Rice.

Initial delivery of meat was made by the plaintiff on July 30, 1970, and subsequently deliveries were made and the meat was paid for in cash. During most of August and September 1970 the account was a cash account, the meat being paid for upon delivery, although on occasion the meat was charged. The plaintiff on its invoices charged the meat to "The Shah", and the account was set up as "The Shah, Gary Sullivan". Periodically payments were made on the account by check issued under the name of "The Shah" and signed by Rice or one Frietag.

■ The defendants contend that Progressive Services, Inc., was the operator of the restaurant and that they should not be held personally liable because the plaintiff was in fact doing business with the corporation, and not with them as individuals.

■ In support of this contention the defendants offered in evidence the certificate of the Secretary of State showing that Progressive Services, Inc., was incorporated on July 29, 1970. A copy of the articles was not filed in the office of the Ada County recorder until November 16, 1970. Nonetheless, McCluskey testified that he did not become aware of the existence of this corporation until the fall of 1971, over a year after the preliminary negotiations, and after the account had reached the balance for which the suit was brought.

The trial court found that there had never been any disclosure of the corporate existence, either at the inception of negotiations and agreement or subsequent thereto, until the fall of 1971, after the debt had been created and demand made therefor. The trial court also found that at the time of the original negotiations for this agreement to sell meat, both of the defendants claimed an interest in the restaurant.

McCluskey testified that at this initial meeting, Sullivan stated, "We were opening a new restaurant", and that Sullivan was then referring to himself and Rice. The court also found that at the time of the initial negotiations, both of the defendants claimed an interest in both "Quinn's" and "The Shah"; that McCluskey had had prior satisfactory dealings with the defendants in their operation of Quinn's and that McCluskey was led to interpret that the new business was a partnership or joint venture. These findings were fully supported by the record. Substantial and competent although conflicting evidence in the record will not be disturbed on appeal. Enders v. Wesley W. Hubbard & Sons, Inc., 95 Idaho 590, 513 P.2d 992 (1973).

■ It is a basic principle that an agent who enters into a contract on behalf of a corporation, but who neither discloses his agency nor the existence of that corporation to the third party, is personally liable to the third party.

"The rule that where an agent enters into a contract in his own name for an undisclosed principal, the other party to the contract may hold the agent personally liable, applies equally well to corporate officers or agents. It has been held that the managing officer of a corporation, even though acting for the company, becomes liable as a principal where he deals with one ignorant of the company's existence and of his relation to it, and fails to inform the latter of the facts." 3 Fletcher's Cyclopedia on Corporations, § 1120, p. 762 (1965).

See also, Whitney v. Woodmansee, 15 Idaho 735, 99 P. 968 (1909). Thus, under the facts here, there is no merit in the defendants' contention that this was a corporate debt and not theirs. For the same reason there is no merit in Rice's contention that he was contracting solely as a manager and officer of the corporation.

■ Next, considering the contention urged by Sullivan that he should not be held liable because he never contracted with the plaintiff for the purchase of the meat, the findings of the trial court supply the answer to this contention. The trial court found that both Sullivan and Rice initially negotiated for the purchase of these meats, and that the dealings with the new restaurant were on the same basis as with Quinn's; that McCluskey relied on the prior dealings and representations that the defendants were expanding their operation to include the new restaurant with defendant Sullivan to manage Quinn's and defendant rice to manage the new restaurant. Again, these findings are supported by the record. Each of the joint venturers was an agent of the other within the scope of the activity and would be liable as a partner. Muccilli v. Huff's Boys' Store, Inc., 12 Ariz.App. 584, 473 P.2d 786 (1970).

At no time while the balance on this account was accruing did Sullivan advise McCluskey that he had severed his relationship with The Shah restaurant. In fact, in October, 1971, after the balance of the account had accrued, McCluskey and his wife were having dinner in Quinn's one evening; McCluskey testified that he inquired of Sullivan, "How is everything going?" and Sullivan replied "Well, it's going fine as long as I can get you guys paid off." McCluskey also testified on cross-examination that at that meeting Sullivan sat down at the table and "indicated that 'we owe you boys some money, and just hold off and it will be all right'". McCluskey also stated "My impression [was] it was 'we', Stanley Rice and Gary Sullivan."

■ The record further supports the trial court's finding that McCluskey never agreed to a novation or to substitute any person or entity in the stead of the two defendants as debtors. This finding negates Sullivan's contention that he had conveyed his interest in The Shah shortly after the initial negotiations for the meat deliveries were made.

■ Rice testified to the effect that he had never intended that there would be any charge account established, but that the transactions would be on a cash basis. He, however, did acknowledge that the practice

**94**

of charging the meat started when the plaintiff's delivery man left meat at the restaurant without being paid when Rice was not present to make the payment. This practice of charging the meat apparently developed as a matter of convenience. The exhibits admitted in evidence reflect that after this practice was commenced, payments were made on the outstanding balance by checks signed not only by Rice, but also by others, and nowhere is there found in the record an objection to this practice. The defendants cannot now complain.

We find no error. The judgment is affirmed. Costs to respondents.

SHEPARD, C. J., and DONALDSON, McQUADE and BAKES, JJ., concur.