555 P.2d 393

**MARCO DISTRIBUTING, INC., a corporation, Plaintiff-Appellant,**

**v.**

**Brent BIEHL, Defendant-Respondent.**

**No. 11951.**

Supreme Court of Idaho.

Oct. 12, 1976.

**854**

Jay B. Gaskill, of Albaugh, Smith & Pike, Idaho Falls, for plaintiff-appellant.

C. Timothy Hopkins, of Hopkins & French, Idaho Falls, for defendant-respondent.

BAKES, Justice.

This is an appeal from a dismissal of plaintiff appellant Marco Distributing, Inc.'s, complaint under I.R.C.P. 12(b)(2) for lack of personal jurisdiction over defendant respondent Brent Biehl, a resident of Michigan. The district court held that it did not have jurisdiction and that this action should be tried in Michigan. We hold that the district court erred in failing to try the jurisdiction issue and make findings on the controverted jurisdictional facts, and remand this case for a hearing to determine whether it has jurisdiction over the defendant.

Marco Distributing, Inc., an Idaho corporation located in Idaho Falls, brought this action on a promissory note in an amount of $25,920.00 which was executed by the defendant Brent Biehl in October, 1972. Marco's complaint alleged that Biehl was doing business as Shelldrake Trading Company and that the note was in connection with Shelldrake business and was in settlement of a claim which Marco had against Shelldrake for merchandise Marco had sold to Shelldrake. The complaint alleged that the defendant, a resident of Michigan, had subjected himself to the jurisdiction of the courts of Idaho by doing business within this state.

Biehl was personally served with a summons and complaint in Michigan on August 1, 1974. On August 12, a Michigan attorney sent to the clerk of the district court in Idaho Falls a special appearance for purposes of entering a motion to dismiss the complaint, a motion to dismiss for lack of personal jurisdiction, and an affidavit in support of the motion to dismiss. However, these documents were not filed by the clerk of the district court and the Michigan attorney was informed by letter dated August 15, that the Idaho Rules of Civil Procedure required that he be admitted to the practice of law in the state of Idaho in order to appear in Idaho courts. Thereafter the Michigan attorney contacted an Idaho Falls attorney, requesting that he represent Biehl for purposes of Biehl's resistance to Idaho jurisdiction. Meanwhile, Marco took default against Biehl on September 10, 1974.

On October 11, 1974, defendant Biehl moved to set aside the default and judgment, and in an accompanying affidavit recounted the above facts regarding his attempt to make a special appearance to resist jurisdiction. The district court granted the motion to vacate and set aside the default judgment. The court's ruling was based on the defendant's allegation that he had a meritorious defense (i. e., lack of personal jurisdiction) and its conclusion that under Rule 60(b)(6)[1] the default judgment should be set aside.

---

1. "*Rule 60(b). Mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, grounds for relief from judgment on* order.—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment,

In response to Marco's requests for admissions and in an affidavit, Biehl controverted the facts upon which the plaintiff relied in alleging that personal jurisdiction existed. Biehl stated that Shelldrake Trading Company is a corporation and was incorporated under Michigan law at all times pertinent to the action. Biehl is the president of Shelldrake, and he and his wife are sole shareholders, officers and directors of the company. Biehl alleged that he first became aware of Marco Distributing, Inc., through Marco's ads in trade journals which solicited interest in its products and sought to locate dealerships and distributorships throughout the country. Acting as president of Shelldrake, Biehl telephoned Marco and later executed a distributorship agreement with Marco's president, and subsequently Shelldrake received Marco merchandise in Michigan. Biehl alleged that in the fall of 1972 Maurice Robison, president of Marco, was in Michigan and at that time Biehl executed the promissory note as an individual and not as president of Shelldrake Trading Company, as a personal favor to Robison so that Robison could obtain some financing.

Maurice Robison, the president of Marco Distributing, Inc., also filed an affidavit with the court alleging a different version of the facts surrounding the execution of the promissory note. He states that the defendant Biehl initiated the business relationship between Marco Distributing, Inc., and Shelldrake Trading Company by making several telephone calls to Marco, by ordering two shipments of merchandise in the month of May, 1972, and by entering into a contractual agreement with Marco

Distributing, Inc., which contemplated that Biehl would be Marco's distributor in the Wisconsin-Michigan region. Thereafter, a dispute arose over the quality and nature of the merchandise, and a Shelldrake Trading Company check (signed by Biehl) to Marco Distributing, Inc., for $15,000.00 was returned by the bank for insufficient funds. Robison alleged that the promissory note was intended to be, and was in full accord and satisfaction of the indebtedness of Shelldrake Trading Company to Marco Distributing, Inc., for the merchandise.

The promissory note which is the subject of this action is a printed form signed by Brent Biehl without reference to Shelldrake Trading Co. It recites that it was executed in Idaho Falls, Idaho, and that it was payable at Idaho Falls, Idaho. There is no indication on the face of the note of the underlying facts and circumstances surrounding its execution.

In ruling on the motion to dismiss, the district court, in a memorandum opinion, ruled that the contacts which Biehl purportedly made with the state of Idaho were inadequate to support that court having personal jurisdiction of him under the long arm statute, I.C. § 5–514, and the due process clause of the United States Constitution. The court stated that since there was a marked conflict in evidence surrounding the execution of this note, jurisdiction of the triable issues should be in Michigan.

On appeal, appellant Marco Distributing, Inc., challenges the ruling of the district court which set aside the default judgment rendered against defendant Brent Biehl, and the order of the district court which granted defendant Brent Biehl's motion to dismiss for lack of jurisdiction.

order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversd or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . . "

## SETTING ASIDE OF DEFAULT JUDGMENT

In its memorandum opinion and order granting the defendant's motion to set aside the default judgment, the district court concluded that the conduct of Biehl's Michigan attorney in attempting to enter an appearance for purposes of resisting jurisdiction without retaining local counsel did not constitute excusable neglect within the meaning of Rule 60(b)(1), but it also concluded that the defendant had tendered a meritorious defense to the action and that reasons existed which justified relieving Biehl from the judgment under Rule 60(b)(6).

I.R.C.P. 55(c) provides:

> *"Rule 55(c). Setting aside default judgment.*—For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with rule 60(b)."

Where judgment by default has been entered, as in this case, this rule expressly refers to the provisions of Rule 60(b) as controlling the trial court's decision to set aside that judgment. This Court has stated that,

> "Judgments by default are not favored by the courts, and the general rule inclines toward granting relief from defaults to bring about a judgment on the merits." *Mead v. Citizen's Automobile Inter-Insurance Exch.,* 78 Idaho 63, 66, 297 P.2d 1042 (1956).

We have also frequently stated that, "An application to set aside a default is addressed to the sound legal discretion of the trial court . . . ." *Swanson v. State,* 83 Idaho 126, 133, 358 P.2d 387, 390 (1960). *Mead v. Citizen's Automobile Inter-Insurance Exchange, supra; Thomas v. Stevens,* 78 Idaho 266, 300 P.2d 811 (1956).

■ In addition to establishing grounds for relief from judgment under Rule 60(b), we have imposed the requirement that the defendant seeking to set aside a default judgment show that he has a meritorious defense to the plaintiff's case. *Thomas v. Stevens, supra.* The purpose of this requirement is to eliminate from the class of default judgments which are set aside and subsequently tried on the merits those in which the defendant had no defense and thus no purpose would be served in delaying entry of judgment against the defendant, while a showing of a meritorious defense would "underscore the potential injustice of allowing the case to be disposed of by default." 10 Wright & Miller, Fed.Prac. & Proc., § 2697 (1973).

■ In this case, the defendant initially attempted to assert his defense of lack of personal jurisdiction by way of a motion to dismiss, although that motion was never filed with the court because the Michigan attorney was not licensed to practice law in Idaho. In his motion to vacate and set aside the default judgment, the defendant alleged that he was a resident of Michigan with no contacts with the state of Idaho sufficient to establish jurisdiction. The defendant had raised a serious question whether the court had jurisdiction to enter the judgment against him and thus the integrity of the judgment as entered was in doubt. We believe that this is a sufficient showing of a meritorious defense and that the trial court was correct in concluding that reasons existed "justifying relief from the operation of the judgment," I.R.C.P. 60(b)(6), and we hold that the trial court did not abuse its discretion in setting aside the default and judgment.

## DISMISSAL FOR LACK OF PERSONAL JURISDICTION

■ In ruling on Biehl's motion to dismiss, the trial court utilized a *forum non conveniens* analysis and concluded that in light of the disputed facts, this case should be tried in Michigan. This approach was incorrect. Jurisdiction refers to the power of a court to decide disputes and to compel parties to come before it, Black's Law Dictionary, 4th Ed., which is different from the question of where a suit *should* be

tried. Faced with Biehl's motion to dismiss in this case, it was incumbent upon the trial court to determine whether it had the power to hear Marco's complaint, and it could not escape that responsibility by asserting that the case should be tried elsewhere.

In *Intermountain Business Forms, Inc. v. Shepard Business Forms Co.*, 96 Idaho 538, 531 P.2d 1183 (1975), we ruled that in cases where the defendant has moved to dismiss the plaintiff's complaint for lack of personal jurisdiction and the affidavits submitted by the parties in support of and in opposition to the motion reveal conflicting versions of the jurisdictional facts, the trial court should construe the facts liberally in favor of the party opposing the motion, i. e., the plaintiff. Consequently, we must determine first whether, under plaintiff's view of the facts, grounds exist for the exertion of jurisdiction over the person of the non-resident defendant. If the plaintiff has alleged facts which would give rise to jurisdiction, the trial court must deny the motion to dismiss and proceed to an evidentiary hearing on the jurisdictional facts. If the trial court resolves the factual disputes in the defendant's favor and it then appears that grounds for the exertion of jurisdiction over the defendant do not exist, the court must enter a dismissal of plaintiff's complaint. I.R.C.P. 12(b)(2).

We must decide, therefore, whether under plaintiff's version of the facts, the Idaho court would have jurisdiction over Biehl. This analysis requires us to consider first whether plaintiff has alleged facts which bring the transaction within the provisions of the Idaho long arm statute, I.C. § 5-514, and, secondly, whether the assertion of personal jurisdiction over this defendant in this case would amount to a denial of due process. *B. B. P. Association, Inc. v. Cessna Aircraft Co.*, 91 Idaho 259, 420 P.2d 134 (1966); *and see Doggett v. Electronics Corp. of America Combustion Control Divn.*, 93 Idaho 26, 454 P.2d 63

(1969). The relevant portions of the long arm statute provide:

"5-514. *Acts subjecting persons to jurisdiction of courts of state.*—Any person, firm, company, association or corporation, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, firm, company, association or corporation, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business within this state which is hereby defined as the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business purpose or objective or any part thereof of such person, firm, company, association or corporation;

. . . . . . .."

In its complaint and in an affidavit of its president, Maurice Robison, Marco Distributing, Inc., alleged that Brent Biehl was doing business as Shelldrake Trading Company, that Shelldrake was transacting business within this state within the meaning of the statute, and that Biehl's execution of the note which is the subject of this action was a part of this ongoing business relationship. After Biehl submitted his answers to requests for admissions and the affidavit in which he reveals that Shelldrake Trading Company is a separate corporate person, Marco asserted that Shelldrake's contacts with Idaho should be attributed to Biehl because of Biehl's substantial interest in the corporation. The record indicates that at all times that Marco Distributing, Inc., dealt with Shelldrake Trading Company it dealt with Brent Biehl. The record does not indicate whether Marco knew that Shelldrake was a separate entity or when it discovered this fact. We regard this question as critical

in the determination of the jurisdictional question before us.

It is undisputed that Biehl, acting in his capacity as president of Shelldrake Trading Company, entered into a business relationship with Marco Distributing, Inc. The record does not disclose, however, whether Marco understood that it was dealing with Biehl in his capacity as an agent for the Shelldrake corporation, or as an individual, doing business as Shelldrake Trading Company. If Biehl failed to disclose that he acted as agent for the Shelldrake Trading corporation when he made the contacts with Marco, then Marco, when it obtained Biehl's note, could reasonably have expected that it would be able to enforce the note in Idaho in light of these transactions.

■ In *McCluskey Commissary, Inc. v. Sullivan,* 96 Idaho 91, 524 P.2d 1063 (1974), we held that:

". . . the managing officer of a corporation, even though acting for the company, becomes liable as a principal where he deals with one ignorant of the company's existence and of his relation to it, and fails to inform the latter of the facts." 96 Idaho at 93, 524 P.2d at 1065, quoting 3 Fletcher's Cyclopedia on Corporations, § 1120 (1965).

This rule is generally applied to hold an agent individually liable on contracts made on behalf of an undisclosed principal, Restatement (2d), Agency, § 322. By analogy it is equally applicable in determining when an agent's actions shall be attributed to him personally for the purpose of determining when a court obtains jurisdiction over him. Biehl's actions on behalf of the corporation will be attributed to him indi-vidually, both for purposes of liability and jurisdiction, in the absence of a disclosure by him that he acted as agent for the corporation Shelldrake Trading Company.

■ Therefore, the first question which the trial court must decide on remand is when Biehl disclosed to Marco Distributing, Inc., that Shelldrake Trading Co. was a corporation. The burden of proof will be on Biehl to establish when this agency was revealed to Marco. Restatement (2d), Agency, § 320 (Comment b).

If Biehl had not disclosed his agency to Marco up to the time of the execution of the note by Biehl, we are of the opinion that there were sufficient contacts by Biehl with the state of Idaho in his business dealings with Marco, which are uncontradicted in this record, to justify the imposition of personal jurisdiction of the Idaho court over Biehl. *Intermountain Business Forms, Inc. v. Shepard Business Forms Co., supra.* If on the other hand, Marco knew at all times that it was dealing with Biehl as an officer of a corporation then, although that would subject the Shelldrake Trading corporation to the jurisdiction of the Idaho courts, the only dealings which Marco would have had with Biehl personally was the execution of the note in Michigan, and we cannot find sufficient nexus between that transaction and the state of Idaho to constitute "the transaction of any business within this state" for purposes of jurisdiction under the long arm statute. *Accord: Arkansas Poultry Co-op., Inc. v. Red Barn System, Inc.,* 468 F.2d 538 (8th Cir. 1972); *Misco Leasing, Inc. v. Vaughn,* 450 F.2d 257 (10th Cir. 1971); *Ferrante Equipment Co. v. Lasker-Goldman Corp.,* 26 N.Y.2d 280, 309 N.Y.S.2d 913, 258 N.E.2d 202 (N.Y.1970).[2]

---

2. At this stage we have discussed only the possibilities that Biehl either revealed at the beginning of his negotiations with Marco that he acted as agent for Shelldrake Trading Co., as a corporation or, in the alternative, that he did not disclose that he was acting for the corporation at least until after he signed the promissory note as an individual. It is entirely possible that upon remand the evidence will disclose that while Biehl did not reveal at the beginning that he was acting as an officer for the Shelldrake Trading Co., a corporation, nevertheless before he executed the note personally he either disclosed that

On remand, plaintiff Marco may also attempt to show that the Shelldrake Trading Co. was merely a shell corporation and that therefore the Idaho court should pierce the corporate veil and hold Biehl personally responsible for the business which Shelldrake conducted in determining Biehl's contacts with the state of Idaho for the purposes of the long arm statute. Again, this raises a factual issue which the trial court must resolve. If the trial court finds that the Shelldrake Trading Co. did not observe the necessary incorporation formalities in order to isolate the corporate owners from responsibility for corporate conduct, *Chick v. Tomlinson,* 96 Idaho 483, 531 P.2d 573 (1975); *Surety Life Insurance Co. v. Rose Chapel Mortuary, Inc.,* 95 Idaho 599, 514 P.2d 594 (1973); then we conclude that the conduct of the Shelldrake Trading Co. would be attributable to Biehl and his wife, who the record here indicates are the sole shareholders, officers and directors of the company, for the purposes of determining whether Biehl had sufficient contacts with the state of Idaho to justify imposition of personal jurisdiction under the long arm statute.

The order of dismissal is reversed and the cause is remanded to the district court for further proceedings. Costs to appellant.

McFADDEN, C. J., DONALDSON and SHEPARD, JJ., and SCOGGIN, D. J. (Retired), concur.

agency, or that Marco in the exercise of reasonable diligence could have discovered from the course of the negotiations and the documents which were exchanged that Shelldrake Trading Co. was in fact a corporation and that Biehl was acting as its president. In that event, the trial court must apply the test established in this and in earlier cases and attribute to Biehl any of the actions, negotiations and dealings which Marco had with Shelldrake Trading Co. before it was disclosed to Marco that Shelldrake was a corporation, but from the point of disclosure of the corporate status of Shelldrake, and Biehl's agency for it, all dealings with Shelldrake would not be attributable to Biehl personally. The court must then assess the extent of the contacts which Shelldrake Trading Co. had with Marco which are attributable to Biehl, as agent for an undisclosed principal, which have connections with the state of Idaho, and from those contacts determine from the test and standards set out in this case and in *Intermountain Business Forms v. Shepard Business Forms, supra,* whether it has personal jurisdiction over Biehl.