974 P.2d 89

INTERLODE CONSTRUCTORS, INC., Plaintiff–Respondent,

v.

Donald A. BRYANT, dba Bryant and Associates; Don Bryant and Associates, Inc., and John Does I through V, individuals, partnerships, corporations, limited liability corporations, or associations whose true names and identities are presently unknown or whose corporate charters have been forfeited, Defendants–Appellants.

No. 24399

Court of Appeals of Idaho.

Feb. 23, 1999.

---

444

Beer & Cain, Boise, for appellants. Stephen L. Beer argued.

Brassey, Wetherell, Crawford & McCurdy, Boise, for respondent. Andrew C. Brassey argued.

PERRY, Chief Judge

Donald A. Bryant appeals from the district court's memorandum decision holding him personally liable for a debt. Bryant claims that only a corporate entity, Don Bryant and Associates, Inc., should be held liable. We affirm.

## I.

### FACTS AND PROCEDURE

Stephen York is the president of Interlode Constructors, Inc., a Texas corporation involved in the business of performing equipment installation. York was contacted by Frazier Industrial Company, a steel storage rack manufacturer, and asked to submit a bid to install storage racks in Heyburn, Idaho. York submitted a bid in March 1993, on behalf of Interlode, to a business he knew as "Bryant and Associates" in Boise. Interlode was never informed that there was a corporate entity affiliated with Bryant and Associates, which Interlode believed was the assumed business name for Don Bryant, the individual.

The district court found that during negotiations York dealt primarily with Bob Pearson, an employee and agent of Bryant and Associates, "who made it clear to Mr. York that he (Pearson) was a salesman with Bryant and [A]ssociates." The district court also found:

  · At the request of Bryant and [A]ssociates, and before the work was performed, Mr. York flew from Texas to Boise on April 28, 1993, and was introduced to Defendant Donald A. Bryant in the Boise office of

Bryant and [A]ssociates. Although Mr. York and Defendant Donald A. Bryant spoke briefly in Bryant's office, they discussed no details about the project. Thereafter, Mr. York left the Defendant Donald A. Bryant and proceeded by ground transportation with Bob Pearson to the Heyburn job site, returning to Boise late that evening, and leaving the next morning to fly back to Fort Worth. Mr. York knew that the Defendant Donald A. Bryant was the "Bryant" and the principal figure of "Bryant and [A]ssociates," but had a reasonable basis for believing that he had contracted with the Defendant Donald A. Bryant and his business Bryant and [A]ssociates.

The parties agree on appeal that the contract was contained in two bids submitted by Interlode in March and April 1993, and a purchase order, which was signed by Pearson. These documents fail to indicate a corporate presence.

The work was satisfactorily completed and Interlode sought payment from Bryant for services rendered in the amount of $21,837. Bryant was having financial difficulty and initially only paid Interlode $6,000, of which $5,000 was paid with a Bryant and Associates check and personally signed by Don Bryant. From this stage forward, Interlode dealt exclusively with Don Bryant. In January 1994, Bryant signed two letters, in his individual capacity, recognizing the debt owed to Interlode and reaffirming Interlode's need to be paid, without mentioning the corporate entity. The debt, however, was never paid.

Bryant's letterhead used throughout this transaction contained the designation "Bryant and Associates" and failed to disclose the presence of a corporate entity. The only opportunity Interlode had to become aware of the corporate entity during the transaction was on March 16, 1993. Bryant sent a fax to Interlode on the customary Bryant and Associates letterhead. In the upper left-hand corner, in small capital letters, were the words "from Bryant and Assoc. Inc." At trial, the district court found that York never noticed the logo and moreover, had he seen it, it would have been insufficient notice.[1]

The district court determined that York first became aware of the corporate entity when he requested a credit check for the business Bryant and Associates. York did not request this credit check until he demanded payment and Bryant failed to pay. Only then, as a result of his own actions, did York learn that there was a corporate entity affiliated with Bryant.

Interlode filed suit against Don Bryant, d.b.a. Bryant and Associates, and later amended its complaint to include Don Bryant and Associates, Inc. A bench trial was held, and the district court issued a memorandum decision on October 20, 1997, with findings of fact and conclusions of law.

The district court held Bryant liable on several theories. First, the district court determined that the contract was entered into on May 7, 1993, binding Interlode and Bryant, through his d.b.a. Bryant and Associates, as the contracting parties. The district court found that the corporation Don Bryant and Associates, Inc., was unknown to Interlode and was not a party to the contract.[2] Alternatively, the district court concluded that even if Bryant's liability should be shielded by the corporation, Bryant later, through his letters, ratified the contract and agreed to be held personally liable. Finally, the district court held that Bryant gave Pearson the apparent authority to bind him to the contract in Bryant's individual capacity. Bryant appeals.

## II.

## DISCUSSION

Bryant contends that Don Bryant and Associates, Inc., was a disclosed principal and

---

1. The words "Bryant and Assoc. Inc." did not properly identify the corporation as it existed at the time in question. The corporation's name was Don Bryant and Associates, Inc. Therefore, the district court concluded that even if York had noticed the facsimile header at the top of the page, which indicated where the facsimile came from, he would not have been properly notified that he was dealing with Don Bryant and Associates, Inc.

2. The parties stipulated early during this lawsuit, however, that Don Bryant and Associates, Inc., was liable for the contract. Thus, the only question now is whether Bryant should also be held liable.

that Interlode had a duty to investigate Pearson's authority. Bryant claims that because Pearson was only authorized to act on behalf of Don Bryant and Associates, Inc., and not on behalf of Bryant individually, Interlode can only hold the corporation liable on the contract. We disagree.

Bryant cites *Hieb v. Minnesota Farmers Union,* 105 Idaho 694, 672 P.2d 572 (Ct.App. 1983) in support of his claim. In *Hieb,* the agent was acting without the actual authority to bind the principal, who was located in Minnesota. This Court concluded that the agent also did not have the apparent authority to bind the principal because the principal did absolutely nothing to indicate it was supporting the agent's actions. We stated:

> There is in this record no indication of any activity on the part of the [principal] which placed [the agent] in a position such that "a person of ordinary prudence, conversant with the business usages and the nature of a particular business, [would be] justified in believing that the agent is ácting pursuant to existing authority."

*Hieb,* 105 Idaho at 698–99, 672 P.2d at 576–77, *quoting Clark v. Gneiting,* 95 Idaho 10, 12, 501 P.2d 278, 280 (1972). Thus, we held that the principal could not be held liable.

■ Contrary to Bryant's assertion, *Hieb* actually supports the conclusion that Bryant should be held liable as a principal in this case because of Bryant's actions as principal. A third party cannot rely on the statement of the agent alone to establish apparent authority—only the acts of the principal bind it to the contract. *Hieb,* 105 Idaho at 699, 672 P.2d at 577.

■ Apparent authority exists when a principal voluntarily places an agent in a position where an ordinary business person is justified in believing that the agent is acting pursuant to existing authority. *Hieb,* 105 Idaho at 697, 672 P.2d at 575; *Clark,* 95 Idaho at 12, 501 P.2d at 280. The principal himself must place the agent in a position which gives him apparent authority. *Hieb,* 105 Idaho at 697, 672 P.2d at 575. *See Bob Rice Ford, Inc. v. Donnelly,* 98 Idaho 313, 563 P.2d 37 (1977) (dealer was liable as principal when car salesman, without actual authority, sold car from his private residence but used dealer plates, dealer sales forms and used the dealer number); *White v. Doney,* 82 Idaho 217, 351 P.2d 380 (1960) (authority of the agent to act for the principal does not have to be established by direct proof, but may be inferred from dealings, circumstances, acts and conduct); *see also Walker v. Pacific Mobile Homes, Inc.,* 68 Wash.2d 347, 413 P.2d 3 (1966) (agent has apparent authority where he uses company's letterhead, stationery and business forms, and where principal leaves agent alone at the place of business).

■ The district court noted the rules of apparent authority in Idaho and determined:

> In these facts, Mr. York met the standard of a person of ordinary prudence, and he certainly was conversant with the business usages and the nature of the particular business. Mr. York knew that Bob Pearson represented Bryant and [A]ssociates, and that Donald A. Bryant with whom he had met and spoken was the "Bryant" of the business. York submitted a bid to Bryant and [A]ssociates through his principal contact person, Bob Pearson, which bid was accepted by a purchase order signed by Pearson on a Bryant and [A]ssociates letterhead form. Pearson clearly had apparent authority to bind the business Bryant and [A]ssociates, and under these circumstances, Pearson also bound Donald A. Bryant as well.

Pearson used Bryant and Associates' (not the corporation's) letterhead and forms. In addition, York visited Bryant's place of business in Boise and met him personally. Bryant never mentioned the existence of the corporation, and it was not apparent to York at anytime that there was a corporate entity involved. As the owner of the business, Bryant authorized Pearson's dealings. Therefore, Bryant gave Pearson the apparent authority to act on behalf of Bryant individually, in accordance with *Hieb* and the other authority cited above.

■ In addition, the managing officer of a corporation, even though acting for the company, becomes liable as a principal where he deals with one ignorant of the company's

existence and of his relation to it and fails to inform the latter of the facts. *Marco Distributing, Inc. v. Biehl,* 97 Idaho 853, 858, 555 P.2d 393, 398 (1976); *McCluskey Commissary, Inc. v. Sullivan,* 96 Idaho 91, 93, 524 P.2d 1063, 1065 (1974). It is a basic principle that an agent who enters into a contract on behalf of a corporation, but who neither discloses his agency nor the existence of the corporation to the third party, becomes personally liable to that third party. *McCluskey Commissary, Inc.,* 96 Idaho at 93, 524 P.2d at 1065.

In this case, Bryant, the manager of the corporation, both by his personal representations and through his agent, Pearson, dealt with Interlode as Bryant and Associates, failing to reveal a corporate existence. Bryant, with his letterhead and business documents, which indicated he was doing business as Bryant and Associates, led Interlode into believing it was dealing with Bryant individually. At all times relevant, Interlode was ignorant of the corporation's existence. Therefore, we conclude the district court was correct in holding Bryant personally liable for the obligation incurred. Having affirmed the district court's decision on the stated theories, we find it unnecessary to address the ratification issue and express no opinion in that regard.

■ In its respondent's brief on appeal, Interlode requests a claim for attorney fees pursuant to I.A.R 41, I.C. § 12–120(3) and I.R.C.P. 54(e)(1). Interlode does not, however, address this issue further in the argument section of its brief. The Idaho Supreme Court has consistently held the issue of attorney fees to the same standard as any other issue raised by either party in an appeal. Thus, we are unable to consider any issue cited on appeal *not supported by propositions of law, authority or argument.* Therefore, we do not address the issue of attorney fees because Interlode has not complied with I.A.R. 35(b)(6). *Meisner v. Potlatch Corp.,* 131 Idaho 258, 263, 954 P.2d 676, 681 (1998); *Weaver v. Searle,* 129 Idaho 497, 503, 927 P.2d 887, 893 (1996).

## III.

## CONCLUSION

We hold that the district court did not err in concluding that Bryant is individually liable for the Interlode contract. Therefore, we affirm the judgment of the district court. Costs on appeal, but not attorney fees, are awarded to respondent, Interlode Constructors, Inc.

Judge SCHWARTZMAN and Judge Pro Tem BENGTSON, CONCUR.